**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 30 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BILLY DEAN HARMON,

     Plaintiff-Appellant,

v.

DEBRA K. DAVIDSON, Court
Reporter, and LORI SOKOLOSKY-
FAULKNER, Official Court Reporter

     Defendants-Appellees.

No. 01-7098

(E.D. Oklahoma)

(D.C. No. 00-CV-556-S)

**ORDER AND JUDGMENT** *

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f).  The case is therefore submitted without

oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of res judicata, collateral estoppel, and law of the case.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Billy Dean Harmon, a state prisoner proceeding pro se, seeks leave to proceed *in forma pauperis* ("*ifp*") in the appeal of the district court's dismissal of his 42 U.S.C. § 1983 civil action. We conclude that Mr. Harmon's § 1983 claims, if true, would implicate his conviction and sentence and must thus be first pursued via a habeas action. Because Mr. Harmon's appeal fails to present a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991), we deny *ifp* status and dismiss this appeal.

On February 9, 1999, an Oklahoma jury convicted Mr. Harmon of a criminal violation of Oklahoma law; the Oklahoma trial court entered a prison sentence. Mr. Harmon unsuccessfully appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals. Subsequently, Mr. Harmon filed a habeas corpus action "making an issue of the same ground on which my [§] 1983 complaint is based." Rec. (letter to the Clerk of Court, filed Nov. 5, 2001, at 2 (unpaginated)). That habeas petition is "pending." Id.

On October 13, 2000, Mr. Harmon filed this § 1983 action in the United States District Court for the Eastern District of Oklahoma. In the action, Mr. Harmon asserts that two court reporters deliberately falsified testimony in preparing the official transcripts of his Oklahoma criminal trial. Mr. Harmon asserts that the falsified transcripts undermined his criminal appeal by preventing

him from establishing that at least one trial witness, Officer Keith Shepard, offered perjured testimony. "The missing testimony . . . goes to the heart of my claim that my conviction was the result of a conspiracy between [the] police and the court." Rec. vol. I, doc. 2, at 2 (Complaint, filed Oct. 13, 2000). Mr. Harmon sought "compensatory . . . and punitive damage awards totaling $500,000 for each civil rights violation." Id. at 6 (unpaginated after page 4).

The district court dismissed Mr. Harmon's § 1983 action. The district court noted that if Mr. Harmon were to establish the claims underlying his § 1983 action, he would establish grounds to vacate at least his sentence and possibly his conviction as well. Since the Supreme Court has directed that in such circumstances a plaintiff-petitioner must pursue habeas relief before bringing a § 1983 action, the district court dismissed Mr. Harmon's § 1983 action. See Heck v. Humphrey, 512 U.S. 477, 487 (1994) ("[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of [the plaintiff's] conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.").

Given Mr. Harmon's pro se status, we construe his contentions liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam). Having reviewed Mr. Harmon's appellate brief, the district court's order, and the

-3-

appellate record, we conclude that the district court correctly dismissed Mr.

Harmon's § 1983 action. Thus, for substantially the same reasons set forth in the

district court's July 13, 2001 order, we DENY Mr. Harmon's request for leave to

proceed *ifp* and DISMISS this appeal.

Entered for the Court,


Robert H. Henry
Circuit Judge