**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 7, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RODOLFO RIVERA,

　　　　　Plaintiff-Appellant,

v.

TRAVIS CORMANEY, U.S.
Probation Officer; KURT RUNGE,
Probation Officer; CHAD
CHADDICK, Parole Officer Division
of Adult Parole and Community
Corrections; LARRY STUART, Parole
Officer Division of Adult Parole and
Community Corrections; WESLEY
WARD, Pathways Director;
RICHARD HERRANEN, Former
Pathways Director; ROSEMARY J.
KJELDGAARD, Pathways Counselor;
DIRECTOR OF SUMMIT
COUNSELING; MARION AVOY,
Summit Counseling; HARVEY J.
HODGE, PhD, Center of Family and
Marital Treatment; YVONNE
SLETTA, Evaluator Center of Family
and Marital Treatment,

　　　　　Defendants-Appellees.

No. 06-1485
(D.C. No. 05-cv-01714-EWN-MJW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

---

[*]　　After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata,

(continued...)

Before **HENRY** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

Plaintiff-appellant Rodolfo Rivera, proceeding pro se, appeals from the district court's dismissal of his civil rights complaint filed under 42 U.S.C. § 1983 for lack of subject matter jurisdiction, for failure to state a claim, and based on the applicable statute of limitations. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. BACKGROUND

The magistrate judge thoroughly reviewed the facts asserted in Mr. Rivera's amended complaint. *See* R., Doc. 66, at 2-5 (reviewing *id.*, Doc. 4). We merely summarize those assertions here. On September 3, 1999, Mr. Rivera was convicted in state court of robbery, assault, and criminal first degree trespass. He maintained his innocence. He was sentenced to thirty days in jail, probation, and thirty-six weeks of counseling. After he attended the first eighteen weeks of classes, counselor Rosemary J. Kjeldgaard discharged him because he would not admit guilt and wrote an allegedly derogatory report to the state trial court and the

*(...continued)
and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

-2-

probation department.  Mr. Rivera then attended another eighteen weeks of classes at another counseling center, but counselor Marion Avoy refused to pass him because he would not admit guilt, and she wrote an allegedly derogatory report to the state trial court and the probation department.  Mr. Rivera alleged that probation officers Travis Cormaney and Kurt Runge then imposed a requirement that he attend another eighteen weeks of counseling classes.  Probation revocation proceedings were also initiated.  The state trial court asked Mr. Rivera to obtain another evaluation, and counselors Yvonne Sletta and Harvey J. Hodge wrote an allegedly derogatory report to the trial court because he would not admit guilt.  On June 25, 2001, the state trial court revoked Mr. Rivera's probation and resentenced him to two years in prison.  Mr. Rivera was released on Friday, November 29, 2002, with instructions to call his parole officer as soon as he arrived in Colorado Springs.  He asserted that he tried to call, but got an answering machine with no option for the officer he had been directed to call.  He went to the parole office in person on the following Monday and was arrested by parole officers Chad Chaddick and Larry Stuart.  He was released after a few days.  The Colorado Court of Appeals overturned the revocation of Mr. Rivera's probation in December 2003, and his sentence was vacated by the state trial court in April 2004.

Mr. Rivera, proceeding pro se, filed his initial civil rights complaint on September 2, 2005, *id.*, Doc. 3, and filed an amended complaint on September 16,

2005, *id.*, Doc. 4. He sued numerous defendants (probation officers, counselors, and parole officers), asserting that he had been subjected to double jeopardy by their involvement with the June 25, 2001, revocation of his probation, which resulted in his being illegally resentenced to a two-year prison term, *see id.* at 6 ¶28, or by their involvement with his December 2, 2002, arrest for a parole violation shortly after his release from prison, *see id.* at 7 ¶¶32-33. Defendants moved to dismiss Mr. Rivera's amended complaint on various grounds.

The magistrate judge first considered the motion of defendants Travis Cormaney and Kurt Runge, both probation officers, and Chad Chaddick and Larry Stuart, both parole officers. The magistrate judge determined that Mr. Rivera's official capacity claims against these defendants were barred by the Eleventh Amendment, and it therefore lacked subject matter jurisdiction over them. R., Doc. 66, at 7. The magistrate judge further determined that defendants Cormaney and Runge were entitled to absolute judicial immunity because their recommendations concerning the revocation of Mr. Rivera's probation were made to the state trial court and were integrally related to the judicial function. *Id.* at 8-9. The magistrate judge determined that defendants Chaddick and Stuart were entitled to qualified immunity because they had "probable cause to arrest and hold [Mr. Rivera] for a parole violation based upon his failure to report to parole in a timely manner as directed." *Id.* at 10. In the alternative, the magistrate judge determined that the claims Mr. Rivera asserted in his September

-4-

2005 complaint challenging his arrest by defendants Chaddick and Stuart on December 2, 2002, were barred by the applicable two-year statute of limitations. *See id.* at 4-5, 10-13.

The magistrate judge next considered the motion of defendant Yvonne Sletta, a private counselor who evaluated Mr. Rivera and wrote a report to the state trial court recommending jail time because Mr. Rivera would not admit guilt. The magistrate judge determined that Mr. Rivera did not assert that Ms. Sletta was a state actor for purposes of 42 U.S.C. § 1983 and did not assert any facts tending to show that she acted in agreement and concerted action with a state actor. *Id.* at 14. Further, the magistrate judge noted that the trial court revoked Mr. Rivera's probation, not Ms. Sletta. *Id.* at 14-15. The magistrate judge further determined that Mr. Rivera's claims against Ms. Sletta were barred by the applicable two-year statute of limitations because she wrote her report sometime before the June 25, 2001, revocation of his probation, which was more than two years before Mr. Rivera filed suit in September 2005. *See id.* at 3-4, 15.

The magistrate judge then considered the motion of defendant Rosemary J. Kjeldgaard, a private counselor who discharged Mr. Rivera from counseling classes because he would not admit guilt and who wrote a derogatory report to the state trial court and the probation department. The magistrate judge indicated that Ms. Kjeldgaard was not a state actor for purposes of 42 U.S.C. § 1983 and determined that Mr. Rivera failed to assert any facts tending to show that she

acted in agreement or concerted action with a state actor. *Id.* at 15-17. Further, the magistrate judge noted that the trial court revoked Mr. Rivera's probation, not Ms. Kjeldgaard. *Id.* at 16. The magistrate judge further determined that Mr. Rivera's claims against Ms. Kjeldgaard were barred by the applicable two-year statute of limitations because she wrote her report sometime before the June 25, 2001, revocation of his probation, which was more than two years before Mr. Rivera filed suit in September 2005. *See id.* at 3-4, 16-17. The magistrate judge concluded that the motions to dismiss filed by defendants Cormaney, Runge, Chaddick, Stuart, Sletta, and Kjeldgaard should be granted.

The magistrate judge determined that the remaining five defendants were not state actors and that Mr. Rivera did not assert any facts tending to show that any of them acted in agreement and concerted action with a state actor. *Id.* at 17. Because Mr. Rivera was proceeding in forma pauperis, the magistrate judge recommended that his claims against these five defendants be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). R., Doc. 66, at 17. The magistrate judge further concluded that the amended complaint should be dismissed with prejudice as to all of the defendants. *Id.* at 18.

Mr. Rivera filed objections to the magistrate judge's recommendation. *Id.*, Doc. 70. The district court, noting that its review was de novo, accepted the magistrate judge's recommendation and dismissed the amended complaint with prejudice. *Id.*, Doc. 76. Mr. Rivera filed this appeal.

## II. DISCUSSION

When we review a dismissal, "the standard of review is *de novo* whether we treat the appeal as seeking review of a [Fed. R. Civ. P.] Rule 12(b)(1) or 12(b)(6) dismissal." *Colo. Envtl. Coalition v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004) (per curiam). In addition, "the proper standard for evaluating dismissal in a qualified immunity case is the normal standard we apply to dismissals generally." *Moya v. Schollenbarger*, 465 F.3d 444, 455 (10th Cir. 2006). We also review a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) de novo. *See Trujillo v. Williams*, 465 F.3d 1210, 1215-16 (10th Cir. 2006). "We must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, ____ (10th Cir. 2007). "'We look for plausibility in th[e] complaint.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1970 (2007)). We need not accept conclusory allegations. *See Moya*, 465 F.3d at 455.

Mr. Rivera argues on appeal that: (1) the district court did not conduct a de novo review of the magistrate judge's recommendation; (2) the magistrate judge misstated the facts of the case and misapplied the law; (3) the magistrate judge adopted the defendants' version of the facts to support his determinations that certain defendants were not state actors or that claims against them were barred by the statute of limitations, or that defendants Chaddick and Stuart were

-7-

entitled to immunity; and (4) the district court did not lack subject matter jurisdiction and Mr. Rivera stated a claim upon which relief could be granted.

We reject Mr. Rivera's conclusory argument that the district court did not perform a de novo review of the magistrate judge's recommendation. The district court stated that it did so. R., Doc. 76, at 2. "We assume that the district court performed its review function properly in the absence of evidence to the contrary." *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). Mr. Rivera presented no such evidence.

We also reject Mr. Rivera's argument that the magistrate judge misstated the facts and misapplied the law. Based on our review, the magistrate judge set out the facts as asserted by Mr. Rivera in his amended complaint. In his brief on appeal, Mr. Rivera only clearly challenges one fact, and it appears in one of the motions to dismiss, not in the magistrate judge's recommendation. He argues that he was only required to *call* his parole officer when he was released from prison on Friday, November 29, 2002, not to *report* to his parole officer, as asserted by defendants Cormaney, Runge, Chaddick, and Stuart in their motion to dismiss. Aplt. Opening Br. at 10. The magistrate judge, however, correctly stated that Mr. Rivera asserted that he "was directed by his case manager to call his parole officer upon his arrival in Colorado Springs[.]" R. Doc. 66, at 10. Although Mr. Rivera explained that he got an answering machine when he called, *id.*, Doc. 4, at 7 ¶32, he did not assert that he spoke to a parole officer that day.

-8-

Rather, he admitted that he did not speak to a parole officer until the following Monday, when he appeared at the parole office in person. *Id.*, ¶33. Thus, Mr. Rivera has not demonstrated that there is any error in the magistrate judge's conclusion that defendants Chaddick and Stuart had "probable cause to arrest and hold the plaintiff for a parole violation based upon his failure to report to parole in a timely manner as directed." *Id.*, Doc. 66, at 10. We think it is irrelevant that the magistrate judge used the word "report" instead of repeating the word "call" when he stated his conclusion.

Mr. Rivera also argues that defendants Chaddick and Stuart, the parole officers who arrested him shortly after he was released from prison, were not entitled to absolute immunity. Aplt. Opening Br. at 9-10. His reliance on *Swift v. California*, 384 F.3d 1184 (9th Cir. 2004), is misplaced. The Ninth Circuit did state in that case that "parole officers may claim absolute immunity [only] for those actions relating to their responsibility to determine whether to revoke parole[.]" *Id.* at 1189 (quotation omitted). The magistrate judge held, however, that defendants Chaddick and Stuart were entitled only to *qualified* immunity, not absolute immunity. *See* R., Doc. 66, at 9-10. Mr. Rivera has not even argued that defendants Chaddick and Stuart were not entitled to *qualified* immunity, and, because he admitted that he did not speak to his parole officer on November 29, 2002, as he asserted he had been directed to do, he cannot show that defendants Chaddick and Stuart were not entitled to qualified immunity for arresting him

-9-

when he appeared in person at the parole office on the following Monday. The dismissal of his claims against defendants Chaddick and Stuart was therefore proper. We do not read Mr. Rivera's opening brief to challenge the magistrate judge's holding that his claims against defendants Cormaney, Runge, Chaddick, and Stuart in their official capacities were barred by the Eleventh Amendment. We also do not read Mr. Rivera's opening brief to challenge the magistrate judge's conclusion that defendants Cormaney and Runge were entitled to absolute immunity. Therefore, these conclusions are affirmed without discussion. We need not discuss any other arguments directed at defendants Cormaney, Runge, Chaddick, and Stuart.

Mr. Rivera argues that the magistrate judge erred in concluding that defendants Sletta, Kjeldgaard, Hodge, and Avoy are not state actors, arguing that he asserted "joint action between the concerned Domestic Violence staff and the state." Aplt. Opening Br. at 8-9. His assertions against the defendants are conclusory, at best. Further, he did not assert any specific facts from which it could be inferred that the state trial court did not make an independent decision to revoke his probation due to defendants' influence. *See Gallagher v. "Neil Young Freedom Concert"*, 49 F.3d 1442, 1454 (10th Cir. 1995). Mr. Rivera's argument that these defendants are state actors is without merit.

Mr. Rivera makes no specific argument with respect to the remaining defendants. Accordingly, we affirm the dismissal of his claims against them without discussion.

Ms. Sletta filed a motion to dismiss the appeal, asserting that Mr. Rivera's notice of appeal was untimely. We disagree. The district court entered its Order Accepting Magistrate Judge's Recommendation on September 25, 2006, R., Doc. 76, but never entered a judgment on a separate document, as required by Fed. R. Civ. P. 58. Under Rule 58(b)(2)(B), judgment was deemed entered 150 days after the entry of the district court's order. Mr. Rivera filed his notice of appeal on October 27, 2006, R., Doc. 77—before his time to appeal had even begun to run—and it was therefore timely. Ms. Sletta's motion to dismiss the appeal is denied.

Mr. Rivera has moved for leave to proceed in forma pauperis on appeal. Because he was released from prison on November 29, 2002, and was not incarcerated at the time he filed this appeal, the provisions of the Prison Litigation Reform Act do not apply to this appeal. *See* 28 U.S.C. § 1915(a), (b), (h). Mr. Rivera therefore must demonstrate "a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Under this standard, the motion is granted.

### III. CONCLUSION

Appellee Sletta's motion to dismiss the appeal is denied. Appellant's motion to proceed on appeal in forma pauperis is granted. The judgment of the district court is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge