**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 5, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALBERT PETER GRENIER,

      Plaintiff - Appellant,

v.

CLERK OF THE COURT,
(Respondent); THE PEOPLE OF THE
STATE OF COLORADO;
ARAPAHOE COUNTY DISTRICT
COURT,

      Defendants - Appellees.

No. 10-1383
(D.C. No. 1:10-CV-00874-ZLW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY, EBEL**, and **LUCERO**, Circuit Judges.[**]

      Plaintiff-Appellant Albert Grenier, a state prisoner proceeding pro se,

appeals from the district court's dismissal of his complaint. We deny IFP status

and dismiss the appeal.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Mr. Grenier is serving a life sentence for his state court conviction of first-degree premeditated murder and abuse of a corpse. See R. 29. He previously filed an unsuccessful habeas action pursuant to 28 U.S.C. § 2254, and his appeal was dismissed for failure to prosecute. Grenier v. Hartley, No. 09-cv-02553-ZLW (D. Colo. Dec. 16, 2009), appeal dismissed, No. 10-1093 (10th Cir. Apr. 26, 2010).

In a first amended complaint, Mr. Grenier challenged the validity of his conviction and asked the court to vacate his life sentence pursuant to 42 U.S.C. § 1983. See R. 5. Specifically, Mr. Grenier alleged that the state trial court erred by (1) denying him the opportunity to present a defense and cross examine witnesses at trial, (2) denying his request for an instruction on his right to use self defense, and (3) failing to suppress an involuntary custodial statement. See id. at 6-8. On June 10, 2010, the magistrate judge concluded that the complaint did not meet the pleading requirements of Fed. R. Civ. P. 8 because Mr. Grenier failed to assert claims appropriate in a civil rights action. See id. at 16. The court explained that claims challenging the validity of a conviction must be brought by a habeas corpus action and that Mr. Grenier's previous habeas petition had been denied by the district court and dismissed on appeal for failure to prosecute. See id. at 15. The court ordered Mr. Grenier to file a second amended complaint asserting claims and relief appropriate for a § 1983 civil rights action. See id. at 18.

Mr. Grenier filed a second amended § 1983 complaint on June 25, 2010, again challenging his underlying conviction. See id. at 20-28. On July 23, 2010, the district court dismissed the action without prejudice pursuant to Fed. R. Civ. P. 41(b) because Mr. Grenier failed to comply with the court's prior order. See id. at 31.

The district court denied Mr. Grenier leave to proceed IFP on appeal. See id. at 39. On Mr. Grenier's renewed application to proceed IFP, we assessed fees and required partial payments pending our decision on that application. On appeal, Mr. Grenier again argues that the trial court erred in (1) denying his request for jury instruction on the use of deadly force in self defense and (2) denying his suppression motions. See Aplt. Br. at 3.

The district court is unassailably correct that Mr. Grenier's claims sound in habeas as a challenge to his conviction, not a § 1983 civil rights action. See Muhammad v. Close, 540 U.S. 749, 750 (2004). Accordingly, there was no abuse of discretion in dismissing the underlying action without prejudice when Mr. Grenier failed to comply with the magistrate judge's order. Applying the standards of 28 U.S.C. § 1915(e)(2)(B)(i), we conclude that this appeal is frivolous. See DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991) (requiring a reasoned, nonfrivolous argument in order to proceed on appeal IFP).

Accordingly, we DENY IFP and DISMISS the appeal. Mr. Grenier shall make full and immediate payment of any outstanding balance of the appellate

filing fee.  We also assess a strike against Mr. Grenier for this appeal.  28 U.S.C. § 1915(g).

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge