UNITED STATES COURT OF APPEALS    November 15, 2010

TENTH CIRCUIT

JAMES WILLIAM LOVELACE,

        Petitioner–Appellant,

v.

BRUCE HOWARD, Warden,

        Defendant–Appellee.

No. 10-7072
(D.C. No. 6:07-CV-00224-RAW-KEW)
(E.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.

James Lovelace, a state prisoner proceeding pro se,[1] seeks a certificate of appealability ("COA") to appeal the district court's dismissal of his 28 U.S.C. § 2254 habeas petition. We determine that Lovelace is not entitled to a COA and dismiss the appeal on that basis.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe Lovelace's pleadings because he proceeds pro se. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

# I

On April 10, 1999, a LeFlore County, Oklahoma, Deputy Sheriff asked David Hope, a Heavener, Oklahoma, police officer, to investigate a suspicious vehicle parked at a rural home outside Heavener. The officer overtook the car, driven by Lovelace, on a road near the home. Because Lovelace was driving with a suspended license, Hope arrested him and patted him down before handcuffing him and putting him in the back seat of the patrol car. That pat-down uncovered a knife and a syringe. About forty-five minutes later, a county Deputy Sheriff arrived on the scene. The deputy searched Officer Hope's patrol car, finding a vial wrapped in black tape under the back seat. It was ultimately confirmed to contain methamphetamine. The officers also searched Lovelace more thoroughly, and found two more syringes. One of the syringes later tested positive for the presence of methamphetamine.

Lovelace was tried and convicted of methamphetamine possession in Oklahoma state court. After unsuccessfully pursuing state direct appeal and collateral review, he filed a § 2254 petition in federal court, alleging: (1) insufficient evidence; (2) unlawful search; (3) unlawful arrest; (4) excessive sentence; and (5) ineffective assistance of appellate counsel. The district court denied habeas relief and denied Lovelace's request for a COA. Lovelace now seeks a COA to appeal only the sufficiency of the evidence and ineffective assistance determinations.

**II**

A petitioner may not appeal the denial of habeas relief under § 2254 without a COA. 28 U.S.C. § 2253(c)(1)(A). To obtain a COA, Lovelace must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the [§ 2254] petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). To prevail on his § 2254 habeas petition, Lovelace must show the state court's adjudication of his claim either "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" or was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1), (2).

**A**

Lovelace's first argument is that there was insufficient evidence to support his conviction. On appeal, evidence will only be determined insufficient if no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" when viewing the evidence "in the light most favorable to the prosecution." Jackson v. Virginia, 443 U.S. 307, 319 (1979).

Lovelace argues "there is absolutely NO connection" between him and the methamphetamine found during his arrest. He explains that he was searched before being placed in the patrol car, but the vial of drugs was only found much later on the floor of

- 3 -

the patrol car, and at least one other arrestee had been in the patrol car the day of his arrest. Perhaps Lovelace's contention would hold water if the officers arresting him had not also found a syringe containing methamphetamine in his pocket. The statute under which he was convicted has no minimum threshold amount for possession—it prohibits possessing any methamphetamine. See Okla. Stat. tit. 63, § 2-402; see also Spriggs v. State, 511 P.2d 1139, 1143 (Okla. Crim. App. 1973) ("[P]ossession of a modicum of an illegal drug is sufficient to bring the defendant within the purview of the statute." (quotation omitted)). And evidence that the syringe contained methamphetamine was presented to the jury. We need not inquire into the vial evidence Lovelace disputes, because a rational trier of fact could have found the syringe evidence sufficient to prove possession beyond a reasonable doubt.

**B**

Before trial, Lovelace's counsel filed a motion seeking to test the vial of methamphetamine found in the patrol car. The trial court did not rule on the motion until Lovelace's counsel reminded the court about the motion on the day of trial. The court denied the motion and counsel did not object. Lovelace contends this was ineffective assistance, and that his appellate counsel's failure to argue as much was itself ineffective assistance.

Counsel provides ineffective assistance when his representation does not meet "an objective standard of reasonableness" and "there is a reasonable probability that, but for

- 4 -

counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Lovelace's entire ineffective assistance claim relates to the vial of methamphetamine. But, as discussed above, he was also found in possession of methamphetamine in one of the syringes. Regardless of trial counsel's actions with respect to the vial, the syringe evidence would have been before the jury. There is no reasonable probability that the trial would have resulted in a different outcome, and thus there was no prejudice.

### III

Regarding both the sufficiency of evidence claim and the ineffective assistance of counsel claim, reasonable jurists could not debate whether the district court should have resolved Lovelace's § 2254 petition differently. Cf. Slack, 529 U.S. at 484. We therefore **DENY** a COA and **DISMISS** the appeal. Because Lovelace has failed to advance "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991), we **DENY** his motion to proceed in forma pauperis.

Entered for the Court

Carlos F. Lucero
Circuit Judge

- 5 -