FILED
United States Court of Appeals
Tenth Circuit

November 24, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LAWRENCE GOLDBLATT,

      Plaintiff–Appellant,

v.

RONALD J. HOSKINGS; KENNETH
BACCHUS; JOE HAGAN; ROBERT E.
RUBIN; GERALD FLEMMING, in their
individual capacities,

      Defendants–Appellees,

and

DAVID E. BAHNER, in his individual
capacity,

      Defendant.

No. 10-3140
(D.C. No. 2:09-CV-02548-KHV-JPO)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

---

     [*] The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 32.1.

Lawrence Goldblatt, proceeding pro se,[1] appeals: (1) the dismissal of his complaint for lack of subject matter jurisdiction; (2) the denial of his post-judgment motion for leave to amend his complaint; and (3) the denial of his motion to reconsider, which was construed as a Federal Rule of Civil Procedure 59(e) motion. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I

Goldblatt brought suit in the District of Kansas after being denied relief on a similar set of claims in the District of Missouri and the Eighth Circuit. See Kansas City v. Housing and Econ. Dev. Fin. Corp., No. 05-0368-CV-W-GAF, 2007 WL 1160402 (W.D. Mo. Apr. 13, 2007) (unpublished) aff'd, 280 Fed. App'x 561 (8th Cir. 2008) (unpublished). He alleged various actions by defendants amounting to a conspiracy to commit tortious interference or fraud in connection with a contract for architectural services at a Kansas City, Missouri, low-income housing development. In the original complaint he pled that he and all defendants were residents of Missouri. Concluding there was no diversity of citizenship, the district court dismissed the complaint under Rule 12(b)(1) for lack of subject matter jurisdiction. Goldblatt then sought to amend his complaint, arguing he could establish jurisdiction under the Federal Tort Claims Act ("FTCA"), pursuant to 28 U.S.C. §§ 1346 and 2671, because one of the defendants was a federal employee. He also filed a "motion for reconsideration" on the same basis. The district court denied both post-judgment motions, and Goldblatt appealed.

---

[1] Because he proceeds pro se, we construe Goldblatt's pleadings liberally. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

2

**II**

Because Goldblatt's original complaint and proffered amended complaint both failed to allege a basis for the district court's jurisdiction, the court dismissed his action. See Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv. Servs., 175 F.3d 848, 859 (10th Cir. 1999) (leave to amend complaint properly denied if amended complaint would be subject to dismissal). Goldblatt must demonstrate some basis for federal jurisdiction to prevail on appeal. He fails to do so.

Goldblatt contends that the FTCA provided the district court with federal question jurisdiction. However, the FTCA does not apply to "[a]ny claim arising out of . . . misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). Goldblatt's claims, as best we can discern them, fall into this exception. Additionally, because Goldblatt's amended complaint retains the allegation that all parties are citizens of Missouri, the district court did not have diversity jurisdiction over his action. The district court correctly held that it lacked jurisdiction over both the original and amended complaints, and appropriately dismissed Goldblatt's suit and denied his post judgment motions.

**III**

We **AFFIRM**. Because Goldblatt has failed to advance "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," DeBardeleben v.

3

Quinlan, 937 F.2d 502, 505 (10th Cir. 1991), we **DENY** his motion to proceed in forma pauperis.

Entered for the Court


Carlos F. Lucero
Circuit Judge