FILED
United States Court of Appeals
Tenth Circuit

May 9, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

ROBERT SCOTT ANDERSON,

Petitioner-Appellant,

v.

VINCE EDWARDS; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

Respondents-Appellees.

No. 11-1542
(D.C. No. 1:11-CV-02155-LTB)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**[*]

---

Before **KELLY**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

Robert Scott Anderson, a state prisoner proceeding pro se, seeks a certificate

of appealability (COA) to appeal the district court's dismissal of his unauthorized

second or successive 28 U.S.C. § 2254 petition for lack of jurisdiction. We deny a

COA and dismiss the matter.

In 2007, Mr. Anderson entered a guilty plea in Colorado state court to

aggravated robbery and was sentenced to thirty years' imprisonment. His conviction

---

[*] This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

was affirmed on direct appeal and his requests for state post-conviction relief were denied. In 2009, Mr. Anderson filed his first § 2254 habeas petition. The district court denied the petition and Mr. Anderson did not appeal. In 2011, Mr. Anderson filed a second § 2254 petition and the district court dismissed it for lack of jurisdiction.

Mr. Anderson now seeks a COA to appeal the dismissal of his second § 2254 petition. In order to receive a COA, Mr. Anderson must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A prisoner may not file a second or successive § 2254 petition unless he first obtains an order from the circuit court authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). In the absence of such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2254 petition. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). Because Mr. Anderson failed to first obtain circuit-court authorization to file his second § 2254 petition, the district court dismissed it for lack of jurisdiction. Reasonable jurists could not debate that the district court was correct in its procedural ruling to dismiss Mr. Anderson's unauthorized second or successive § 2254 petition for lack of jurisdiction.

Accordingly, we DENY a COA and DISMISS this matter. We also DENY

Mr. Anderson's motion to proceed on appeal in forma pauperis (IFP) because he has

failed to advance "a reasoned, nonfrivolous argument on the law and facts in support

of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505

(10th Cir. 1991).

Entered for the Court

ELISABETH A. SHUMAKER, Clerk