**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 17, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROQUE ARANDA TERCERO,

Plaintiff - Appellant,

v.

JULIAN MARTIN FLORES
COMISARIO; RAYMUNDO
DANIEL BAEZ MENDEZ; REYES
DANIEL ARCE DOMINGUEZ,

Defendants - Appellees.

No. 12-2034

D. New Mexico

(D.C. No. 2:11-CV-00982-MCA-LAM)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Roque Aranda-Tercero, a citizen of Mexico, filed a pro se complaint against Defendants, all of whom are citizens of Mexico, asserting federal subject matter jurisdiction under the Alien Tort Claims Act ("ATCA") and the Torture Victim Protection Act ("TVPA").[1]  28 U.S.C. § 1350 & notes.  The district court dismissed Aranda-Tercero's complaint under 28 U.S.C. § 1915(e)(2)(B), concluding in a comprehensive order that it lacked jurisdiction.  The court also imposed filing restrictions on Aranda-Tercero based on his lengthy history of abusive litigation.  *See*, *e.g.*, *In re Aranda*, 546 U.S. 810 (2005) (imposing filing restrictions on Aranda-Tercero based on his "repeated[] abuse[]" of the Supreme Court's process).  Aranda-Tercero appeals both rulings and our jurisdiction arises under 28 U.S.C. § 1291.

In his appellate brief, Aranda-Tercero fails to directly address the district court's conclusion that he cannot proceed under the ATCA because the claims he seeks to raise do not qualify as torts committed in violation of the law of nations, as required by 28 U.S.C. § 1350.  *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 725 (2004); *Cisneros v. Aragon*, 485 F.3d 1226, 1230-31 (10th Cir. 2007) (holding "jurisdiction under § 1350 cannot be based solely on a violation of our criminal code" and concluding plaintiff's sexual assault claims were "not of a

---

[1]In a supplement to his complaint, Aranda-Tercero also asserted federal jurisdiction under a bevy of federal statutes.  The district court correctly concluded that none are applicable to the claims raised in his complaint and Aranda-Tercero does not address that portion of the district court's ruling on appeal.

type that could substantially impact international affairs"). His argument challenging the imposition of filing restrictions is premised on his assertion the district court failed to specifically explain why each of the 170 matters he has filed in state and federal court are frivolous.

Having reviewed Aranda-Tercero's appellate brief and the appellate record, we conclude his appeal is wholly frivolous and, accordingly, we **dismiss** it pursuant to 28 U.S.C. § 1915(e)(2)(B)(I). Aranda-Tercero's request to proceed on appeal *in forma pauperis* is **denied** because he has failed to advance "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991); 28 U.S.C. § 1915(a).

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge