James M. DeBARDELEBEN, Plaintiff–Appellant,

v.

J.M. QUINLAN, R.L. Matthews, N.W. Smith, R.G. Simpson, E. Cave, and W.A. Blount, Defendants–Appellees.

No. 90–3246.

United States Court of Appeals, Tenth Circuit.

June 20, 1991.

---

James M. DeBardeleben, pro se.

Lee Thompson, U.S. Atty., and D. Brad Bailey, Asst. U.S. Atty., D. Kan., Topeka, Kan., for defendants-appellees.

Before McKAY, SEYMOUR, and EBEL, Circuit Judges.

McKAY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff is an inmate confined at the United States Penitentiary in Lompoc, California. He filed this *pro se* civil action in July 1988, alleging that defendants violated his constitutional right of access to the courts by denying him adequate access to a prison law library and by withholding legal materials he had accumulated in regard to other actions he was litigating. He also alleged that defendants violated his Eight Amendment right to be free from cruel and unusual punishment by forcing him to share a cell with dangerous inmates known to have committed violent assaults against prisoners.[1]

The district court dismissed the action with prejudice for want of prosecution. Plaintiff now appeals that decision.

## I.

Plaintiff made several efforts to compel the district court to decide this matter expeditiously. In January 1989, he moved the court to rule on motions that had been pending for several months. Plaintiff then filed a petition for a writ of mandamus in this court on February 2, 1989, requesting that we order the district court to rule on

---

**1.** In his complaint, plaintiff asserted that his life was in danger from other prisoners due to a magazine article stating that he is wanted by authorities for sex-crimes. He later amended his complaint to delete the Eight Amendment claim so that he could refile it in a petition for a writ of habeas corpus.

the pending motions. On May 19, 1989, plaintiff petitioned the Supreme Court to compel the Tenth Circuit to rule on his petition. On June 2, 1989, we directed defendants to respond to plaintiff's petition for a writ of mandamus. We denied his petition on July 21, 1989. The Supreme Court denied his petition on October 2, 1989.

The case was reassigned from district court Chief Judge Earl E. O'Connor to Senior Judge Richard D. Rogers on January 10, 1990. A copy of the minute order reassigning the case was sent to plaintiff at the United States Penitentiary in Leavenworth, Kansas, his last known address. The minute order was returned to the clerk's office with no forwarding address available.

On June 4, 1990, the district court determined that plaintiff had failed to comply with District of Kansas Rule 111 which requires all parties to notify the court clerk in writing of any change of address.[2] Based on plaintiff's violation of Rule 111, the district court dismissed the action with prejudice for failure to prosecute.

## II.

■ The district court's decision to dismiss an action for lack of prosecution will not be overruled absent an abuse of discretion. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Joplin v. Southwestern Bell Tel. Co.,* 671 F.2d 1274, 1275 (10th Cir.1982). Plaintiff argues that the court abused its discretion in view of all the facts and circumstances of this case. *See Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir. 1988). We agree.

■ Although a court has the inherent power to dismiss an action for want of prosecution in order to achieve the speedy resolution of cases, *Wabash R.R.,* 370 U.S. at 630–31, 82 S.Ct. at 1388–89, dismissal of an action with prejudice is a severe sanction. *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1464 (10th Cir.1984). It is

usually appropriate only when a lesser sanction would not serve the best interests of justice. *Meade v. Grubbs,* 841 F.2d 1512, 1520 (10th Cir.1988). In reviewing a district court's dismissal of a claim with prejudice, we focus on three aggravating factors: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant. *Id.* at 1520 n. 7. Dismissal with prejudice is an appropriate sanction only when these factors outweigh the judicial system's strong predisposition to resolve cases on their merits. *Hancock,* 857 F.2d at 1396.

■ The record does not indicate that defendants suffered any actual prejudice when the minute order was returned to the court clerk without a forwarding address. The minute order did not require plaintiff to take any action; it merely notified him that the case had been reassigned to a different judge. Thus, defendants suffered no delay by its return. By contrast, in *Meade* the plaintiff failed to respond to defendants' motions to dismiss within fifteen days as required by the local rules. Nonetheless, we determined that there was no evidence that the defendants were prejudiced. *Meade,* 841 F.2d at 1521. In this case, the degree of actual prejudice, if any, suffered by the defendants was insignificant.

Similarly, any interference with the judicial process from the return of the minute order was not great. It did not prevent the court from ruling on the pending motions. In *Hancock,* the plaintiff failed to respond to defendant's motion for summary judgment within fifteen days as required by the local rules. Despite the court delay, we determined that the inconvenience to the district court "was not so severe a burden as to justify dismissal." *Hancock,* 857 F.2d at 1396; *see also Petty v. Manpower, Inc.,* 591 F.2d 615 (10th Cir.1979) (dismissing *without prejudice* when *pro se* plain-

---

**2.** Rule 111 states in pertinent part:
Each attorney or party appearing pro se is under a continuing duty to notify the clerk in writing of any change of address or telephone number. Any notice mailed to the last address of record of an attorney or a party appearing pro se shall be sufficient notice. D.Kan.Rule 111.

tiff failed on two separate occasions to appear for court hearings). Any inconvenience the court may have suffered in this case did not warrant dismissal with prejudice.

Finally, although we do not excuse plaintiff's failure to notify the court clerk of his change of address, there is no evidence of intentional delay or bad faith by plaintiff. *See Joplin,* 671 F.2d at 1276. On the contrary, plaintiff's repeated efforts to get the district court to rule on his pending motions demonstrate his vigorous prosecution of this matter. His failure to comply with Rule 111 appears to be a single, unintentional incident. *See Hancock,* 857 F.2d at 1396.

In view of the circumstances of this case, we conclude that the sanction of dismissal with prejudice was too severe and that the district court abused its discretion.

### III.

This matter is also before the court on appellant's motion for leave to proceed on appeal without prepayment of costs or fees.

In order to succeed on his motion, an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. *See* 28 U.S.C. § 1915(a); *Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962); *Ragan v. Cox,* 305 F.2d 58 (10th Cir.1962).

In light of our previous discussion, we conclude that appellant can make a rational argument on the law or facts in support of the issues raised on appeal. Therefore, the motion for leave to proceed on appeal without prepayment of costs or fees is granted.

The district court's Order is VACATED. We REMAND this matter with directions to reinstate plaintiff's cause of action. The mandate shall issue forthwith.