UNITED STATES COURT OF APPEALS
**Filed 6/3/96**
TENTH CIRCUIT

RICHARD DEE THOMAS,

     Plaintiff-Appellant,

vs.

GEORGE VAUGHN, DON BELL, RAY
DALLING, and RON HUNT,

     Defendants-Appellees.

No. 95-4187
(D.C. No. 93-CV-925-B)
(D. Utah)

ORDER AND JUDGMENT[*]

Before PORFILIO, McKAY, and KELLY, Circuit Judges.[**]

Mr. Thomas, appearing pro se and in forma pauperis, appeals from the dismissal of his civil rights complaint. When he filed his complaint, Mr. Thomas also sought service of process and appointment of counsel. Almost two years later, the district court issued an order to show cause why the action should not be dismissed for lack of prosecution. In the meantime, it appears that Mr. Thomas had changed correctional facilities and did not

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

respond to the show cause order. The district court dismissed the action pursuant to a local rule which allows for dismissal when a timely showing of good cause is not made. D. Utah R. 115; see also Fed. R. Civ. P. 41(b).

Given that Mr. Thomas had filed his complaint and two motions, it appears that the next move to advance the case belonged to the district court. Although we review a dismissal for failure to prosecute under an abuse of discretion standard, given the circumstances we feel that the judicial process would be better served by a disposition on the merits. See DeBardeleben v. Quinlan, 937 F.2d 502, 504-05 (10th Cir. 1991).

REVERSED. The mandate shall issue forthwith.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge