**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 15 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RANDY LEE LESKE,

      Petitioner-Appellant,

vs.

RICHARD SOARAS, Superintendent
of the Limon Correctional Facility in
Limon, Colorado; ARISTEDES W.
ZAVARAS,

      Respondents-Appellees.

No. 99-1084
(D.C. No. 99-Z-73)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

---

    Mr. Leske, an inmate appearing pro se, seeks to appeal from the district

court's dismissal of his petition for a writ of habeas corpus filed pursuant to 28

U.S.C. § 2254. He seeks leave to proceed in forma pauperis and a certificate of

appealability. See 28 U.S.C. § 2253(c)(2) (certificate of appealability requires

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

"substantial showing of the denial of a constitutional right"); DeBardeleban v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991) (in order to proceed in forma pauperis on appeal, petitioner "must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal").

Although the district court found that Mr. Leske had failed to exhaust available state remedies as required by 28 U.S.C. § 2254(b)(1), it went on to dismiss his habeas petition on the merits pursuant to 28 U.S.C. § 2254(b)(2). In his appeal, Mr. Leske argues that this court should grant a certificate of appealability because the State of Colorado waived its jurisdiction over him when it transfered him to the Bowie County Correctional Center in Texas. According to Mr. Leske, this transfer was illegal because it violated Colorado law. Mr. Leske concedes that Colorado has authority to contract with another state to confine prisoners, but asserts that Colo. Rev. Stat. § 17-1-105 (1998), does not authorize the State to contract with a political subdivision of another state. We disagree. The statute authorizes the executive director of the department of corrections to "enter into contracts . . . with other jurisdictions, including other states, the federal government, and political subdivisions of this state." Id. § 17-1-105(1)(c) (emphasis added). This list of "other jurisdictions" is not exclusive, and we find nothing therein to support Mr. Leske's assertion that Colorado's contract with

Bowie County, Texas is illegal.

Further, Mr. Leske has failed to establish a constitutional violation. It is well-established that "an interstate prison transfer . . . does not deprive an inmate of any liberty interest protected by the Due Process Clause." Olim v. Wakinekona, 461 U.S. 238, 248 (1983). For these reasons, we DENY his motion to proceed in forma pauperis and his request for a certificate of appealability and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge