UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ERYCK C. ASTON,

        Plaintiff-Appellant,

v.

BUREAU OF ALCOHOL,
TOBACCO AND FIREARMS; JOHN
W. MAGAW; JEFF SARNACK,
Special Agent, in his individual and
official capacity; RICHARD A.
ROWLINS, Special Agent, in his
individual and official capacity;
STEPHEN L. OTT, Special Agent, in
his individual and official capacity;
ROBERT F. BOLAND, Special
Agent, in his individual and official
capacity; DUANE A. JACKSON,
Special Agent, in his individual and
official capacity; JOHN N.
MINICHINO, Special Agent, in his
individual and official capacity;
COLENE M. BERTELSEN, Special
Agent, in her individual and official
capacity; NELS C. NELSON, Special
Agent (Montana), in his individual
and official capacity;
U.S. PROBATION, District of Utah;
DARCI SMITH, Utah Probation
Officer, in her individual and official
capacity; UNITED STATES SECRET
SERVICE; GLEN J. PASSEY, Secret
Service Agent, in his individual and
official capacity; IRENE SWENSON,
Utah Department of Public Safety
Officer, sued in her individual and

No. 99-4036

official capacity; FIRST SECURITY BANK, N.A.; ROBYN HILLER, Bank Officer; LORI E. FERGUSON, Bank Officer; JOEL VAN ARDEN; JACK DAVIS CADLE; KOSMO ANDROULIDAKIS; DEXTER DAVIS; LEROY (TONY) MARTINEZ; THOMAS ALLEN BECK; ROBERT LEE PETERSON, also known as Robbie Peterson; LONNIETA MARIE PAYNE; ANTHONY (TONY) CALCAGNO; JESSE THOMAS, Department of Corrections Ex-Officer,

            Defendants-Appellees.

---

ORDER
Filed December 17, 1999

---

Before **EBEL** , **LUCERO** , and **MURPHY** , Circuit Judges.


This matter is before the court on motion of plaintiff Eryck C. Aston for correction and reconsideration of this court's order and judgment filed November 10, 1999. We construe plaintiff's motion as a petition for rehearing. We grant rehearing as to the correction and deny rehearing as to reconsideration of the merits of plaintiff's case.

Plaintiff requests that this court correct its order and judgment to indicate that his arrest and convictions in Utah were on firearms charges only and not on

firearms and drug charges. We hereby grant plaintiff's request and issue a revised order and judgment reflecting this correction.

Plaintiff's arguments on the merits of this court's disposition of his appeal have been considered by the members of the hearing panel, who conclude that the original disposition was correct. Therefore, the petition for rehearing is denied on the merits. A copy of the corrected order and judgment is attached.

Entered for the Court
Patrick Fisher, Clerk of Court

By:

Keith Nelson
Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 10 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ERYCK C. ASTON,

      Plaintiff-Appellant,

v.

BUREAU OF ALCOHOL,
TOBACCO AND FIREARMS; JOHN
W. MAGAW; JEFF SARNACK,
Special Agent, in his individual and
official capacity; RICHARD A.
ROWLINS, Special Agent, in his
individual and official capacity;
STEPHEN L. OTT, Special Agent, in
his individual and official capacity;
ROBERT F. BOLAND, Special
Agent, in his individual and official
capacity; DUANE A. JACKSON,
Special Agent, in his individual and
official capacity; JOHN N.
MINICHINO, Special Agent, in his
individual and official capacity;
COLENE M. BERTELSEN, Special
Agent, in her individual and official
capacity; NELS C. NELSON, Special
Agent (Montana), in his individual
and official capacity;
U.S. PROBATION, District of Utah;
DARCI SMITH, Utah Probation
Officer, in her individual and official
capacity; UNITED STATES SECRET
SERVICE; GLEN J. PASSEY, Secret
Service Agent, in his individual and
official capacity; IRENE SWENSON,
Utah Department of Public Safety
Officer, sued in her individual and

No.  99-4036
(D.C. No. 98-CV-316)
(D. Utah)

official capacity; FIRST SECURITY
BANK, N.A.; ROBYN HILLER,
Bank Officer; LORI E. FERGUSON,
Bank Officer; JOEL VAN ARDEN;
JACK DAVIS CADLE; KOSMO
ANDROULIDAKIS; DEXTER
DAVIS; LEROY (TONY)
MARTINEZ; THOMAS ALLEN
BECK; ROBERT LEE PETERSON,
also known as Robbie Peterson;
LONNIETA MARIE PAYNE;
ANTHONY (TONY) CALCAGNO;
JESSE THOMAS, Department of
Corrections Ex-Officer,

      Defendants-Appellees.

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **LUCERO** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

While incarcerated in federal prison in Lompoc, California, plaintiff Eryck C. Aston filed a 42 U.S.C. § 1983 action against the Bureau of Alcohol, Tobacco and Firearms and numerous other defendants, claiming various constitutional violations regarding his arrest and convictions in Utah on firearms charges. Mr. Aston originally filed his action in the United States District Court for the District of Columbia. The matter was subsequently transferred to the United States District Court for the District of Utah. The Utah district court dismissed Mr. Aston's suit without prejudice for failure to comply with the court's orders directing payment of an initial partial filing fee required pursuant to 28 U.S.C. § 1915(b)(1) of the Prison Litigation Reform Act (PLRA). Mr. Aston appeals the dismissal. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's decision for abuse of discretion, *see Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994), and we affirm.

On November 10, 1997, the District of Columbia court ordered Mr. Aston to pay an initial partial filing fee of $10.78. Following transfer of the case, the United States District Court for the District of Utah noted that Mr. Aston had not paid the partial filing fee ordered by the District of Columbia court and ordered Mr. Aston to pay the sum of $10.78 within thirty days or his § 1983 complaint would be dismissed. When Mr. Aston failed to comply, the Utah court dismissed his action without prejudice on December 15, 1998. *See* Fed. R. Civ. P. 41(b)

(vesting the district court with discretion to dismiss an action for failure to comply with an order of court).

Mr. Aston's assertion on appeal that the Utah court's attempt to charge him a filing fee denied him access to the courts is without merit. "[P]roceeding [in forma pauperis] in a civil case is a privilege, not a right--fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998), *cert. denied*, 119 S. Ct. 1150 (1999) (quotation omitted); *see also Roller v. Gunn*, 107 F.3d 227, 231 (4th Cir. 1997) (rejecting prisoner claim that fee provisions of the PLRA, 28 U.S.C. § 1915(b), violated his constitutional rights).

The PLRA system does not deny access to the courts, but only requires the litigant to consider whether the merits of his claim are worth the cost of bringing an action. PLRA's requirements for paying a minimal initial fee followed by small installments until the entire fee is paid do not constitute an unconstitutional denial of access to the courts. *See Roller*, 107 F.3d at 231. Moreover, the Utah court dismissed Mr. Aston's action without prejudice leaving Mr. Aston with the ability to refile his complaint.

Mr. Aston has filed a motion to proceed in forma pauperis in this court. Because Mr. Aston was not incarcerated at the time he filed his appeal, the provisions of PLRA do not apply to this appeal. *See* 28 U.S.C. § 1915(a), (b), (h). After reviewing Mr. Aston's affidavit and the other materials filed in support

of his motion, we conclude that he has not demonstrated "a financial inability to pay the required fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan* , 937 F.2d 502, 505 (10th Cir. 1991). Mr. Aston's affidavit indicates that he is no longer incarcerated and is employed. Therefore, we deny his request to proceed on appeal in forma pauperis, and order him to pay the full filing fee of $105.00 to the Clerk of the District Court for the District of Utah, within twenty days of the date of this order.

Under the circumstances presented here, we find no abuse of discretion in the court's dismissal of Mr. Aston's civil rights action. Accordingly, the judgment of the United States District Court for the District of Utah is AFFIRMED.

Entered for the Court

Carlos F. Lucero
Circuit Judge

-5-