FILED
United States Court of Appeals
Tenth Circuit

March 4, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

GONZALO VALDOVINOS-BLANCO,

Petitioner-Appellant,

v.

UNITED STATES ATTORNEY
GENERAL ERIC HOLDER;
IMMIGRATION AND CUSTOMS
ENFORCEMENT AGENCY ICE,
EL PASO,

Respondents-Appellees.

No. 13-2102
(D.C. No. 2:13-CV-00384-JAP-LAM)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before **LUCERO**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**BACHARACH**, Circuit Judge.

While detained by the United States Immigrations and Customs Enforcement

(ICE) and awaiting a decision from the Board of Immigration Appeals,

Petitioner-Appellant Gonzalo Valdovinos-Blanco filed a self-styled "Emergency

---

[*] After examining Petitioner-Appellant's brief and appellate record, this panel
has determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Motion for Withholding of Removal/Deportation" in federal district court in New Mexico. He asked the court to assume jurisdiction and order ICE to withhold his removal until a civil rights lawsuit he had filed in the Eastern District of California is resolved. The district court determined that it did not have subject-matter jurisdiction to grant or deny the requested relief. Accordingly, it denied the emergency motion and dismissed the action pursuant to Fed. R. Civ. P. 12(h)(3).[1]

Mr. Valdovinos-Blanco appeals.[2] He argues that the district court failed to liberally construe or allow him to amend his "mislabeled" emergency motion as one seeking a stay of removal—a request over which he claims "the district court *does* have jurisdiction." Aplt. Opening Br. at 3, 4 (emphasis added).

We review the district court's Rule 12(h)(3) dismissal de novo, mindful that "the jurisdiction of federal courts is limited" and "there is a presumption against our jurisdiction." *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) (internal quotation marks omitted).

---

[1] That rule instructs: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). *See also Wachovia Bank v. Schmidt*, 546 U.S. 303, 316 (2006) (observing that "subject-matter jurisdiction must be considered by the court on its own motion, even if no party raises an objection").

[2] We liberally construe Mr. Valdovinos-Blanco's pro se appellate brief. *See Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998).

Here, Mr. Valdovinos-Blanco, the party invoking federal jurisdiction, has failed in his duty to establish that federal subject-matter jurisdiction exists.  *See id*. In a related vein, he does not support his conclusory appellate arguments with any pertinent legal authority.  *Cf. United States ex rel. Boothe v. Sun Healthcare Grp., Inc.*, 496 F.3d 1169, 1175 (10th Cir. 2007) (explaining that this court's rule, that it will not entertain perfunctory arguments, "applies with special force to arguments seeking to establish our subject matter jurisdiction").  Moreover, we are "unaware of any statutory or common-law authority permitting [a federal court] to intervene in an alien's [ongoing] deportation proceedings to order withholding of removal," R., Vol. 1 at 6, or to otherwise stay an alien's removal while his appeal is still pending before the BIA until a separate lawsuit he filed is resolved.

The judgment of the district court is affirmed.  Mr. Valdovinos-Blanco's motion to proceed in forma pauperis is denied.  *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court


Wade Brorby
Senior Circuit Judge