**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 13, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHRIS TILLOTSON,

        Plaintiff - Appellant,

v.

T.J. McCOY,

        Defendant - Appellee.

No. 14-1003
(D.C. No. 1:13-CV-03421-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **MURPHY**, and **HOLMES**, Circuit Judges.

After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Proceeding *pro se*, Chris Tillotson appeals the dismissal of the civil rights action he brought pursuant to 42 U.S.C. § 1983. In the complaint, filed on

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

December 18, 2013, Tillotson alleged Defendant, a police officer, injured him during an arrest. He also asserted a claim of false imprisonment. In his request for relief, Tillotson stated: "The only relief that I am asking for is to have my charges dropped or reduced so I can put this mess behind me."

The district court dismissed Tillotson's § 1983 complaint without prejudice, concluding the remedy Tillotson seeks is only available to him in an action for a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973). To the extent Tillotson's claims implicitly challenge the validity of his state conviction, the district court dismissed those claims as barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.").

Having reviewed the record, Tillotson's appellate brief, and the applicable law, we conclude the dismissal of Tillotson's § 1983 complaint without prejudice was proper. Accordingly, finding no reversible error, we **affirm** the district court's dismissal of Tillotson's complaint for substantially the reasons stated in the district court's order dated December 23, 2013.

Tillotson has also filed a motion seeking to proceed *in forma pauperis* on appeal. We cannot grant his motion unless he is able to "show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). In light of the district court's clear and concise order and the absence of any reasoned argument in Tillotson's appellate brief, this court concludes Tillotson's appeal is frivolous.[1] Because Tillotson's appeal is frivolous, his motion to proceed *in forma pauperis* is **denied**. Tillotson is reminded of his responsibility to immediately remit any unpaid balance of the appellate filing fee.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

---

[1]Tillotson is confined at the Colorado Mental Health Institute in Pueblo, Colorado. Because we conclude Tillotson's appeal is frivolous, it is unnecessary to determine whether he is a prisoner within the meaning of the Prison Litigation Reform Act.