FILED
United States Court of Appeals
Tenth Circuit

**July 16, 2015**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

PAUL A. MITCHELL,

     Plaintiff - Appellant,

v.

KAREN MCGOVERN, in her individual
capacity as Current Program Director of
the Colorado Medical Board; CHERYL
HARA, in her individual capacity as
Former Program Director of the Colorado
Medical Board,

     Defendants - Appellees.

No. 15-1109
(D.C. No. 1:15-CV-00374-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

Paul Mitchell, proceeding pro se,[1] appeals the district court's dismissal of his

claims against Cheryl Hara and Karen McGovern ("Defendants"). He also requests

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.
App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mitchell is proceeding pro se, we construe his filings liberally. See
Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

leave to proceed on appeal in forma pauperis. Exercising jurisdiction under 28 U.S.C. § 1291, we conclude that this appeal is frivolous and dismiss.

## I

Mitchell alleges that Hara, as former Program Director for the Colorado Medical Board ("CMB"), improperly suspended his medical license in 2007. Additionally, he claims that McGovern, as current Program Director for the CMB, has informed him that his suspension will not be lifted until he complies with a 2007 order requiring that he undergo an evaluation by the Colorado Physician Health Program. He asserts that Defendants have violated his rights under 42 U.S.C. §§ 1981, 1983, and 1985(3), and requests injunctive, declaratory, and other relief. The violations Mitchell alleges include, <u>inter alia</u>, that Defendants discriminated against him because of his race; that the process through which his license was terminated was substantively and procedurally flawed; and that Defendants illegally interfered with his contractual relationships.

The district court dismissed Mitchell's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because Mitchell failed to allege facts that demonstrate that the Defendants are responsible for the suspension of his license, or can provide his requested relief (the reversal of that suspension). It also dismissed as frivolous Mitchell's claims against Hara as untimely and repetitive of prior litigation. Mitchell appealed. After filing his opening brief, Mitchell filed two motions seeking to expedite and supplement his appeal.

-2-

## II

We review a district court's dismissal under § 1915(e)(2)(B)(i) for abuse of discretion when the frivolousness determination does not turn on an issue of law. See Fogle v. Pierson, 435 F.3d 1252, 1259 (10th Cir. 2006). We conclude that the district court did not abuse its discretion in this regard. On appeal, Mitchell does not advance a reasoned challenge to the district court's determination that he failed to allege necessary facts. He contends that he need not show that defendants are members of the CMB; that Hara, not the CMB, suspended his license; and that his having alleged deprivations of constitutional rights makes immaterial whether Defendants can provide his requested relief. But these bald assertions, without further support, do not cure his defective complaint. Because Mitchell's failure to allege supporting facts constituted a sufficient basis for the district court to dismiss his complaint as frivolous, we need not address his challenge to the district court's additional determination that his claims against Hara are untimely and repetitive of prior litigation.

Mitchell also moves to supplement and expedite his appeal but does not meaningfully explain why either process would be warranted. He appears to contend that the district court's order dismissing his case was fraudulently authored by a judge other than the presiding judge. His evidence for this contention is the court's denial of his motion to certify authorship of the order dismissing his case. We do not so construe the denial of Mitchell's highly unusual motion.

**III**

Because Mitchell's appeal is frivolous, we **DISMISS** pursuant to

§ 1915(e)(2)(B).  For the same reason, we **DENY** his motion to proceed in forma

pauperis.  See DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991).

Mitchell's motions to supplement and expedite his appeal are also **DENIED**.


Entered for the Court


Carlos F. Lucero
Circuit Judge