**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 21, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CLINTON T. ELDRIDGE,

        Petitioner - Appellant,

    v.

J. OLIVER, Warden,

        Respondent - Appellee.

No. 16-1094
(D.C. No. 1:15-CV-02503-LTB)
D. Colo.

---

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

---

Before **HARTZ**, **MURPHY,** and **PHILLIPS**, Circuit Judges.

---

This matter is before the court on Clinton Eldridge's pro se request for a certificate of appealability ("COA"). Eldridge seeks a COA so he can appeal the district court's dismissal, for lack of jurisdiction, of his 28 U.S.C. § 2241 habeas petition. 28 U.S.C. § 2253(c)(1); *Eldridge v. Berkebile*, 791 F.3d 1239, 1243-44 (10th Cir. 2015) (concluding that Eldridge, whose convictions were in the District of Columbia Superior Court, is a state prisoner for purposes of § 2253(c)(1)'s certificate-of-appealability requirement). Because Eldridge has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

A partial history of Eldridge's many attempts to challenge the execution of his sentences (or the validity thereof) is set out in this court's opinion in *Eldridge*, 791 F.3d at 1241-43. In the instant case, the district court concluded as follows: (1) Eldridge's § 2241 petition challenged the validity of his criminal sentences, not the execution of those sentences; (2) Eldridge must proceed with such a challenge in the District of Columbia Superior Court pursuant to D.C. Code Ann. § 23-110(g), unless that remedy is inadequate or ineffective, *Swain v. Pressley*, 430 U.S. 372 (1977); and (3) the mere failure to obtain relief in the District of Columbia Superior Court did not demonstrate the remedy set out in § 23-110(g) was ineffective or inadequate. Because Eldridge failed to demonstrate the remedy set out in § 23-110(g) was inadequate or ineffective, the district court concluded it lacked jurisdiction over Eldridge's § 2241 habeas petition. *Swain*, 430 U.S. at 379-84.

When the decision appealed involves a procedural ruling, this court will not issue a COA unless "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the district court's jurisdictional ruling is indisputably correct, Eldridge is not entitled to a COA. Furthermore, because Eldridge has failed to present a reasoned, nonfrivolous argument on the law and facts in

support of the issues raised on appeal, he is not entitled to proceed in forma pauperis. *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Eldridge is reminded that he must, therefore, immediately remit the full appellate filing fee.

For those reasons set out above, Eldridge's request to proceed in forma pauperis is **DENIED**, his request for a COA is **DENIED**, and this appeal is **DISMISSED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge