FILED
United States Court of Appeals
Tenth Circuit

September 21, 2018

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

ANDREW J. AVITABILE, a/k/a Andrew
J. Avitabile Larson,

     Plaintiff - Appellant,

v.

STATE OF WYOMING; ROBERT O.
LAMPERT, Director, Wyoming
Department of Corrections; SCOTT
ABBOT, Deputy Administrator, Wyoming
Department of Corrections; JULIE
TENNANT-CAINE, Deputy
Administrator, Wyoming Department of
Corrections; EDDIE WILSON, Warden,
Wyoming State Penitentiary; STEVE
HARGETT, Warden, Wyoming Medium
Correctional Institution; BARBARA
TUTTLE, ADA Coordinator, Wyoming
Correctional Institution; MAJOR LEAL,
Wyoming State Penitentiary; MAJOR
MOFFAT, Wyoming Medium Correctional
Institution; UNIT MANAGER HARDY,
Wyoming Medium Correctional Institution;
CTL BERGLUND, Wyoming Medium
Correctional Institution; CAPTAIN
PRINDLE, Wyoming Medium
Correctional Institution; LT. SMITH,
Wyoming Medium Correctional Institution;
SGT. MORROW, Wyoming State
Penitentiary; SGT. LAYLE, Wyoming
Medium Correctional Institution; CPL
JONES, Wyoming State Penitentiary; CPL
DAVIDSON, Wyoming Medium
Correctional Institution; CPL KENNEDY,
Grievance Manager, Wyoming Medium
Correctional Institution; OFC. STINDER,
Wyoming Medium Correctional Institution;

No. 17-8063
(D.C. No. 1:16-CV-00244-ABJ)
(D. Wyo.)

OFC. PUTNAM, Wyoming Medium
Correctional Institution; SHEILA TULLY,
Grievance Manager, Wyoming State
Penitentiary; AMERICAN
CORRECTIONS ASSOCIATION,

      Defendants - Appellees.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **EID**, **KELLY**, and **O'BRIEN**, Circuit Judges.

_____

Plaintiff Andrew J. Avitabile, a prisoner proceeding pro se, brought his "Complaint for Relief for Constitutional Rights Violations Under 42 [U.S.C.] § 1983 by a European Royal." The district court granted summary judgment in favor of American Correctional Association (ACA),[1] and judgment on the pleadings in favor of the remaining defendants. We agree with the district judge's thorough analysis and dismiss this appeal as frivolous. Because the appeal is frivolous, we also deny Avitabile's motion to proceed in forma pauperis (IFP) on appeal, *see* 28 U.S.C. § 1915(e)(2)(B)(i), and impose a strike, *see id.* § 1915(g).

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] This defendant's actual name is "American Correctional Association," though it is misnamed "American Corrections Association" in Avitabile's complaint.

The district judge determined the ACA was a private actor and none of the circumstances that make a private actor subject to § 1983 liability applied to it. *See Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (discussing circumstances when conduct allegedly depriving a plaintiff of a federal right can fairly be attributed to the state). He correctly concluded Eleventh Amendment immunity applied to the Wyoming defendants on Avitabile's official-capacity claims. *See Colby v. Herrick*, 849 F.3d 1273, 1276 (10th Cir. 2017) (discussing Eleventh Amendment immunity for claims against state officers in their official capacities). He then carefully analyzed the allegations concerning the individually named defendants in the complaint, determining each to be entitled to qualified immunity, because Avitabile had failed to identify a constitutional violation, or failed to show how their conduct violated a clearly established right. *See Kerns v. Bader*, 663 F.3d 1173, 1180 (10th Cir. 2011) ("A plaintiff can overcome [the] presumption of immunity only by carrying the heavy burden of showing both that (1) the defendant-officer in question violated one of his constitutional rights, and (2) the infringed right at issue was clearly established at the time of the allegedly unlawful activity . . . ."). Since any state-law claims asserted in the complaint were governed by the Wyoming Governmental Claims Act, Wyo. Stat. Ann. §§ 1-39-101 to 121 (WGCA), Avitabile was required, but failed to, identify any non-immune defendant under the WGCA or to file a governmental claim in compliance with the Act. Finally, he concluded the complaint failed to state a claim for conspiracy to violate Avitabile's constitutional rights.

We have considered the briefs, the record, and the applicable law. Avitabile fails to advance any non-frivolous argument for reversal. We therefore dismiss this appeal as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i), deny his motion to proceed IFP, *see DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (grant of IFP requires "a reasoned nonfrivolous argument on the law and facts in support of the . . . appeal"), and impose a strike, 28 U.S.C. § 1915(g). Avitabile is obligated to pay all filing and docketing fees ($505.00). Although these fees are immediately due in full, our prior order of March 26, 2018, requiring periodic payments described in 28 U.S.C. § 1915(b)(1), remains in effect until all fees are paid in full. Payment is to be made to the District of Wyoming Clerk of Court.

Entered for the Court

Terrence L. O'Brien
Circuit Judge