**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 29, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

STEPHEN PLATO MCRAE,

    Defendant - Appellant.

No. 20-4077
(D.C. No. 2:16-CR-00566-TS-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.[**]
_____

Defendant-Appellant Stephen McRae, proceeding pro se,[1] appeals the district

court's denial of his motion for compassionate release. *See* 18 U.S.C.

§ 3582(c)(1)(A). Exercising jurisdiction under 28 U.S.C. § 1291, we vacate the

district court's order and remand for further proceedings consistent with this order.

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). So we deny McRae's
motion to set the case for oral argument.

[1] Because McRae appears pro se, we liberally construe his pleadings but will
not act as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir.
2009).

In September 2016, McRae traveled to an energy facility in Kane County, Utah, and fired several rifle shots into the facility's cooling fins. The shots ruptured the radiator piping, causing the facility's substation to overheat and fail. As a result, most of Kane and Garfield Counties lost power for eight hours. It cost the facility's owner over $350,000 to repair the damage.[2] The FBI later identified McRae as the shooter, and in May 2019 he pleaded guilty to one count of destruction of an energy facility, *see* 18 U.S.C. § 1366(a). The district court sentenced McRae to 96-months' imprisonment and a 36-month term of supervised release.

In May 2020, with about 53 months of his sentence remaining, McRae filed a motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). Before 2018, § 3582(c)(1)(A) authorized only the Director of the Bureau of Prisons (BOP) to move for a reduction of a defendant's sentence. *United States v. McGee*, 992 F.3d 1035, 1037, 1050 (10th Cir. 2021). But that changed when Congress passed The First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, which conditionally allows prisoners to file their own motions for sentence reductions. *Id.* Under the statute as modified by the First Step Act, a court may reduce a defendant's sentence "after considering the factors set forth in section 3553(a) . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent

_____

[2] McRae claims that he acted under a "deathly [fear] of global warming" and wanted to "express opposition" to the burning of fossil fuels. Appellant's Opening Br. Continuation Pages at 9–10.

with *applicable* policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). The policy statement at issue here provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; or
>
> (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

USSG § 1B1.13 (2018).

Citing his increased health risks if he contracted COVID-19, McRae asked the district court to convert the remainder of his sentence to home confinement. The district court agreed with the government that McRae's "health conditions, in combination with the COVID-19 pandemic provide[d] extraordinary and compelling reasons for release." R. vol. 3 at 301. But, relying on section (2) of the policy statement, the court nonetheless denied the motion after concluding that McRae still "pose[d] a substantial danger to the public." *Id.*

But in two recent decisions, our Court has concluded that the policy statement is not "applicable" to compassionate-release motions filed *by prisoners* under § 3582(c)(1)(A). *McGee*, 992 F.3d at 1050 (joining the Second, Fourth, Sixth, and

Seventh Circuits in concluding that "the Sentencing Commission's existing policy statement is applicable only to motions for sentence reductions filed by the Director of the BOP, and not to motions filed directly by defendants" (collecting cases)); *United States v. Maumau*, 993 F.3d 821 (10th Cir. 2021) (same). Thus, when a prisoner, not the BOP Director, files a compassionate-release motion, this policy statement doesn't apply.[3] *McGee*, 992 F.3d at 1050. Here, McRae, not the BOP Director, brought the compassionate-release motion. So, as it has turned out, the district court erred by applying the policy statement.

We thus vacate the district court's order and remand for proceedings consistent with *McGee*, *Maumau*, and this order.[4] Further, though we grant McRae's motion to proceed in forma pauperis, *see DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th

---

[3] In considering compassionate-release motions, courts should continue to weigh the danger a defendant may pose to the public. But in assessing motions brought by prisoners under 18 U.S.C. § 3582(c)(1)(A)(i), courts should conduct the dangerousness inquiry under the § 3553(a) factors. *See* 18 U.S.C. § 3553(a)(2)(C) (requiring courts to consider the need "to protect the public from further crimes of the defendant").

[4] In his Reply Brief, McRae represents that he contracted COVID-19 soon after filing this appeal. Given that McRae moved for compassionate release based on his risk of contracting COVID-19, we recognize that the changed circumstances will likely require McRae to amend his motion or file a renewed application for relief. *See United States v. Roney*, 833 F. App'x 850, 855 (2d Cir. 2020) (noting that "the denial of a motion of this kind generally will not preclude a renewed application based on changed circumstances"); *United States v. Carr*, No. 20-1152, 2021 WL 1400705, at *5 (10th Cir. Apr. 14, 2021) (remanding so the district court could assess the defendant's compassionate-release motion in light of *McGee* and *Maumau*). We leave it to the district court's discretion to decide how best to proceed.

Cir. 1991), we deny as moot his motion to appoint counsel and his motion seeking a temporary restraining order.

Entered for the Court


Gregory A. Phillips
Circuit Judge
