**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**May 11, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

TAMIKA J. PLEDGER,

    Petitioner - Appellant,

v.

GLORIA GEITHER, Warden, Topeka
Correctional Facility

    Respondent - Appellee.

No. 21-3212
(D.C. No. 5:20-CV-03168-JWL)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY** [*]
_____

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.
_____

Tamika Pledger was convicted by a jury in Kansas state court for involuntary manslaughter and reckless aggravated battery. The charges led to a sentence of 64 months' imprisonment. She unsuccessfully challenged her sentence on various grounds through state court proceedings in Kansas. Afterward, she filed a habeas petition under 28 U.S.C. § 2254 in the District of Kansas. In a single order, the district court denied her request for habeas relief and her request for a certificate of appealability ("COA"), the latter of which is a prerequisite to appealing whether her § 2254 petition was properly denied. She now seeks a COA from this court.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

A COA may issue if Pledger "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, she must establish "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted).

The district court applied our precedent, stating that Pledger was not entitled to habeas relief after analyzing her various challenges to her sentence.[1] So, it denied Pledger's request for a COA. Having reviewed the record before us, we find no error in the district court's thorough 17-page order. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[2]

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[1] Pledger's challenges in the district court were: (1) the Kansas the trial court lacked jurisdiction over her charges; (2) her sentence is cruel and unusual under the Constitution; (3) she was not arraigned, and her Speedy Trial rights were violated; (4) *Brady* violations; (5) certain evidence should have been suppressed as the fruit of an illegal, warrantless search and seizure of her car and phones; (6) the special prosecutor at her trial had an impermissible conflict of interest; (7) her sentence violated the Constitution's Double Jeopardy clause; and (8) the trial judge was biased.

[2] For an in forma pauperis motion to be granted an appellant must show that she is unable to pay the required filing fee, and she must have a reasoned and nonfrivolous argument to support her appeal. *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). We conclude that Pledger has met her burden and grant her motion.