FILED
United States Court of Appeals
Tenth Circuit

September 28, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DELANO MARCO MEDINA,

    Defendant - Appellant.

No. 21-1300
(D.C. Nos. 1:19-CV-01976-PAB &
1:14-CR-00396-PAB-1)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **KELLY**, and **HOLMES**, Circuit Judges.
_____

Defendant-Appellant Delano Marco Medina, appearing pro se, seeks a certificate

of appealability (COA) to appeal from the district court's denial and dismissal of his

motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  We deny a

COA and dismiss the matter.

**BACKGROUND**

Mr. Medina pleaded guilty in federal court to possession of a firearm by a felon,

mail theft, bank fraud, and aggravated identity theft.  As part of his plea agreement,

Mr. Medina "knowingly and voluntarily waive[d] the right to appeal any matter, except

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

for the constitutional speedy trial issue raised in Defendant[']s motion." R. vol. 1 at 43. The district court sentenced him to 153 months' imprisonment.

On direct appeal, as part of his Sixth Amendment speedy trial claim, he asserted that the government's delay in bringing him into federal custody caused the unavailability of his personal cell phone and that data from that phone would have aided his alibi defense. This court rejected that assertion, concluding that he could not prove prejudice as he could not prove that the cell phone was the exclusive source of such evidence, i.e. "that the evidence was unavailable from other sources." *United States v. Medina*, 918 F.3d 774, 790, 793 (10th Cir. 2019).

After the affirmance of his conviction and sentence, Mr. Medina applied for relief under 28 U.S.C. § 2255. In his § 2255 motion, he asserted, among other arguments, that (1) his counsel was constitutionally ineffective in prosecuting his speedy trial motion, (2) the district court denied him effective assistance of counsel when it declined to appoint replacement counsel for him after it denied his speedy trial motion, and (3) the government violated his Fifth and Fourteenth Amendment due process rights because, although he had reserved the right to pursue his speedy trial issue on appeal, "the government lied to the court on appeal about various issues in their Answer Brief to create a false narrative." R. vol. 1 at 93–94.

The district court denied Mr. Medina's § 2255 motion. It concluded (1) his ineffective assistance claim failed because his counsel's "briefing and argument demonstrate that he was competent," *id.* at 368, and because Mr. Medina failed to demonstrate the result of the proceedings would have been different even if counsel had

presented additional witnesses or made additional arguments; (2) it did not err in declining to appoint replacement counsel because counsel competently prosecuted his speedy trial motion; and (3) Mr. Medina waived the right to collateral review of his breach-of-contract/Fourteenth Amendment claim.  Mr. Medina seeks a COA to appeal these three rulings.

## DISCUSSION

To obtain a COA, Mr. Medina must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The substance of that showing depends on whether the district court rejected his constitutional claims on the merits, as it did with claims (1) and (2), or on procedural grounds, as it did with claim (3).  "Where a district court has rejected the constitutional claims on the merits, the showing required to [obtain a COA] is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  But "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," the prisoner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Mr. Medina has not made the requisite showing.  In connection with claim (1), he argues at length that the data from his cell phone, including photos, videos, cell-site location information, text messages, email, and app data, was truly irretrievable because

the cell phone was lost. Relatedly, he argues his attorney should have called several additional witnesses who would have further substantiated this point. But these arguments misapprehend the basis for this court's decision on direct appeal: even if information substantiating his alibi that existed on his cell phone was unavailable because he could no longer locate his cell phone, he failed to show such information was not available from another source. *See Medina*, 918 F.3d at 791.

In connection with claim (2), the court denied Mr. Medina's motion for substitute counsel based, in part, on its findings that his originally appointed counsel adequately prosecuted his speedy trial motion and was otherwise competent. Because Mr. Medina failed to show good cause warranting the appointment of new counsel, the court concluded his choice to represent himself was voluntary. *See United States v. Williamson*, 859 F.3d 843, 862 (10th Cir. 2017). Beyond the arguments related to his claim of ineffective assistance, which we reject in connection with claim (1), Mr. Medina offers no challenge to this conclusion.

Finally, the district court rejected claim (3) on procedural grounds. In his plea agreement, Mr. Medina waived the right to raise a collateral attack, including a § 2255 motion, "except as to explicitly retroactive changes in the sentencing guidelines or sentencing statute, ineffective assistance of counsel, and prosecutorial misconduct." R. vol. 1 at 358; *see also id.* at 43. The district court held that his breach-of-contract/Fourteenth Amendment argument does not fall within any of those three exceptions. Mr. Medina does not argue the district court was incorrect in this procedural ruling, and thus he is not entitled to a COA on this issue.

## CONCLUSION

Because no reasonable jurist could debate the district court's resolution of Mr. Medina's claims, we deny a COA and dismiss this matter. We deny the motion to proceed without prepayment of costs or fees since Mr. Medina has not raised "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge