FILED
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**December 21, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

GREGORY D. CROSBY,
a/k/a Gregory D. Cosby,

    Petitioner - Appellant,

v.

WARDEN ADX; LT. BANELOUS,
DHO Hearing Officer; J. HOLBROOK,
Correctional Counselor,

    Respondents - Appellees.

No. 22-1173
(D.C. No. 1:21-CV-03233-LTB-GPG)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **BACHARACH**, **BALDOCK**, and **CARSON**, Circuit Judges.

_____

Gregory D. Crosby is a federal inmate. He filed a habeas application under

28 U.S.C. § 2241, claiming he had been denied due process in a disciplinary hearing.

The hearing stemmed from an incident report alleging he destroyed property. After

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

concluding Mr. Crosby did not exhaust administrative remedies, the district court dismissed the suit without prejudice.  Mr. Crosby appeals.[1]

The respondents urge us to dismiss this appeal as moot.  It is moot, they say, because Mr. Crosby has received all the relief this suit could provide.  While the suit was pending in the district court, Mr. Crosby gave notice that his incident report had been expunged.  But he maintained that he still sought monetary relief.  Noting that damages are not an available habeas remedy, *see Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973), the respondents conclude the case is moot because a favorable decision could not provide Mr. Crosby any further relief.

Mr. Crosby did not file a reply brief to address the respondents' mootness argument.[2]  By failing to address the mootness argument, he has waived any responses that are not obvious.  *See Eaton v. Pacheco*, 931 F.3d 1009, 1031 (10th Cir. 2019) ("Eaton doesn't respond to the state's mootness argument in his reply brief.  Accordingly, we treat any non-obvious responses he could have made as waived and assume the state's mootness analysis is correct.").  Mootness, of course, "is an issue of subject matter jurisdiction." *Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015).  But "our duty to consider unargued *obstacles* to subject matter jurisdiction does not affect our discretion to decline to consider waived

---

[1] Mr. Crosby represents himself, so we construe his filings liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Mr. Crosby filed a notice informing the court that he did not intend to submit a reply brief.

arguments that might have *supported* such jurisdiction." *Tompkins v. U.S. Dep't of Veterans Affs.*, 16 F.4th 733, 735 n.1 (10th Cir. 2021) (brackets and internal quotation marks omitted).

Seeing no obvious answer to the respondents' mootness argument, we dismiss this appeal. We deny Mr. Crosby's motion to proceed without prepaying costs and fees because he does not advance "a reasoned, nonfrivolous argument on the law and facts." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court

Joel M. Carson III
Circuit Judge

3