**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**November 22, 2023**

_____

**Christopher M. Wolpert**
**Clerk of Court**

MATTHEW JAMES GRIMES,

    Plaintiff - Appellant,

v.

KATRINA WATS; SHELLPOINT
MORTGAGE; JOE MCSHERRY;
BERNALILLO COUNTY SHERIFF'S
DEPARTMENT, and its agents and special
master; ALBUQUERQUE POLICE
DEPARTMENT, and its agents and special
master,

    Defendants - Appellees.

No. 23-2144
(D.C. No. 1:23-CV-00581-WJ-KK)
(D.N.M.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **BACHARACH**, **KELLY**, and **MORITZ**, Circuit Judges.[**]

_____

Plaintiff-Appellant Matthew James Grimes brought a civil rights action arising

out of the foreclosure of property — the amended complaint identified the plaintiff as

"Matthew James Grimes Trust" and himself as the trustee.  1 R. 67.  He named

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.

various defendants including a state-court judge, a mortgage concern, an individual CFO, and two law-enforcement entities and their agents. 42 U.S.C. § 1983. The district court dismissed Mr. Grimes's case without prejudice for failure to state a claim that is plausible on its face and denied all relief. 1 R. 95–101. The district court noted that the amended complaint lacked sufficient factual allegations against each defendant to proceed. Id. at 97–101. It also entered final judgment. Id. at 102. Later, it denied reconsideration. Memorandum Op. & Ord., Grimes v. Wats, No. 1:23-cv-00581-WJ-KK (D.N.M. Aug. 9, 2023).

On appeal, Mr. Grimes (on behalf of the Matthew James Grimes Trust) contends that he has been denied due process and the district court ignored his security agreement, which he contends is a nonnegotiable private agreement that supersedes all other contracts. He seeks his land and property back and to be compensated for trespass and breach of contract including the security agreement. He also seeks to proceed in forma pauperis.

We conclude that Mr. Grimes is appealing a final judgment as the district court dismissed all of the claims as well as the case after concluding that, due to a variety of problems, Mr. Grimes could not state a claim that was plausible on its face. Moya v. Schollenbarger, 465 F.3d 444, 448–51 (10th Cir. 2006). We review the district court's dismissal for failure to state a claim upon which relief can be granted de novo. Id. at 454. We agree with the district court that Mr. Grimes cannot assert claims on behalf of a trust, see D.N.M.LR-Civ. 83.7; moreover, the claims lack facial

plausibility allowing a "reasonable inference that [a properly named] defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To proceed without prepayment of fees or costs, a movant must demonstrate a reasoned, nonfrivolous argument based upon issues raised on appeal. DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991). That includes addressing the rationale of the district court. Mr. Grimes continues to cite the existence of his security agreement as the basis for his claims, without explaining how this agreement validly provides him relief. Aplt. Br. at 3–4.

We AFFIRM the district court's judgment and DENY leave to proceed without prepayment of fees or costs. Mr. Grimes remains responsible for the full amount of the appellate filing fee.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge