**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TERRANCE M. FARRELL, III,

    Plaintiff - Appellant,

v.

CITY AND COUNTY OF DENVER,
COLORADO; GREG KELLERMEYER;
ANY INSURANCE CARRIER FOR
GREG KELLERMEYER; MEDICAL
ADMINISTRATOR OF DOWNTOWN
DENVER DETENTION CENTER;
PATIENT ADVOCATE FOR DENVER
HEALTH MEDICAL CENTER; DENVER
HEALTH AND HOSPITAL
AUTHORITY; DENVER COUNTY
SHERIFF GARY WILSON; DENVER
SHERIFF DEPUTY MICKELSON;
DENVER SHERIFF DEPUTY
SHERROD; DENVER SHERIFF
DEPUTY TOMSICK; DENVER SHERIFF
DEPUTY NORRGARD; DENVER
SHERIFF DEPUTY SINGLETON;
DENVER SHERIFF DEPUTY BLAINE;
ANY INSURANCE CARRIER FOR CITY
AND COUNTY OF DENVER,
COLORADO,

    Defendants - Appellees.

No. 16-1307
(D.C. No. 1:13-CV-01605-MSK-CBS)
(D. Colo.)

———————————————————

**ORDER AND JUDGMENT**[*]

———————————————————

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.

———————————————————

Proceeding pro se,[1] Colorado prisoner Terrance M. Farrell III appeals the district court's grant of summary judgment against him on his Eighth Amendment deliberate indifference claims. Because the district court correctly concluded that Farrell didn't establish that defendant Greg Kellermeyer was subjectively indifferent to Farrell's medical needs, we affirm.

Farrell was admitted to Denver Health Medical Center after he overdosed on heroin and cocaine. Upon his discharge, Farrell was transferred to the Denver Detention Center (DDC), where he began taking medications for his various psychiatric health conditions. Nearly three months into Farrell's treatment at DDC, Dr. Patrick Fox discontinued Farrell's medication regimen after DDC staff caught Farrell "diverting" his medication, i.e., spitting his pills into a cup or concealing them in his mouth instead of swallowing them. R. vol. 2, 252.

———————————————————

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] We liberally construe Farrell's pro se filings, but it's not our role to act as his advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

Shortly thereafter, Farrell submitted a series of "kites," or medical grievances, to DDC staff. *Id.* at 245. In a kite on February 20, he asked Dr. Kellermeyer—a DDC psychiatrist—to resume his medications, complaining that he was "suffering" without them. R. vol. 1, 712. Two days later, Farrell submitted another kite urging that he "need[ed] to see psych ASAP." *Id.* at 714. On February 23, a licensed practical nurse visited Farrell and scheduled him for a psychiatric evaluation. The next day, a psychiatric licensed practical nurse visited Farrell, recorded his complaints, and made a plan to review the kites with Kellermeyer or another psychiatrist. On February 25, Dr. Fox reinstated one of Farrell's three medications—Elavil—with instructions that the medicine be crushed and floated, presumably in water. Kellermeyer stamped and initialed both kites, which was his only recorded involvement with Farrell in February.

On March 5, Farrell submitted another kite stating that he needed to speak with Kellermeyer about his panic attacks, which he asserted had caused him to fall and injure himself. In contrast with the February kites, Kellermeyer didn't stamp and initial this kite, and there's no record evidence showing that he received it.

Then, apparently in response to a grievance filed by Farrell, Kellermeyer explained Farrell's circumstances in an email dated March 21. Kellermeyer wrote that Farrell has a history of psychiatric issues and admitted to diverting medicine while at DDC. Kellermeyer explained that one of Farrell's discontinued medications—Neurontin—is dangerous, subject to abuse, and has little efficacy for anxiety. Kellermeyer wrote that Elavil, which Dr. Fox reinstated, might help Farrell

3

with his anxiety. Kellermeyer also explained that Neurontin is valuable on the black market, and that Farrell was likely feigning certain symptoms in order to obtain it.

Farrell later filed a § 1983 action against a variety of entities and DDC employees in connection with his incarceration. The district court ultimately dismissed all defendants but Kellermeyer on grounds that aren't relevant to this appeal.[2] In his operative complaint, Farrell asserts various Eighth Amendment deliberate indifference violations against Kellermeyer. Farrell and Kellermeyer filed cross-motions for summary judgment.

The district court granted summary judgment in favor of Kellermeyer. The district court identified two potential acts of deliberate indifference by Kellermeyer: (1) allegedly discontinuing Farrell's medications; and (2) allegedly ignoring Farrell's kites.[3] The district court concluded that Farrell failed to show Kellermeyer was subjectively indifferent to Farrell's serious medical needs, citing *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) ("The subjective prong of the deliberate indifference

---

[2] In his supplemental brief, Farrell purports to appeal the district court's dismissal of the City and County of Denver. But neither of his briefs addresses the basis for that dismissal—Farrell's failure to exhaust his administrative remedies. Farrell's opening brief doesn't mention exhaustion at all, and his supplemental brief devotes a single, cursory paragraph to the issue. Accordingly, he hasn't adequately preserved this issue for appeal. *See* Fed. R. App. P. 28(a)(8)(A) (requiring argument section of appellant's brief to contain "appellant's contentions and the reasons for them, with citations to the authorities . . . on which the appellant relies"); *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (applying Rule 28(a) to pro se litigant and declining to "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record").

[3] We note that Farrell's operative complaint identifies possible violations beyond these two. But the district court apparently construed Farrell's summary judgment briefing as limited to these two claims, and Farrell doesn't challenge that premise on appeal.

test requires the plaintiff to present evidence of the prison official's culpable state of mind.").

Farrell appeals, challenging the district court's grant of summary judgment to Kellermeyer and largely renewing the arguments he made below. We review the district court's decision granting Kellermeyer's motion for summary judgment de novo, applying the same legal standard as the district court and viewing the evidence in the light most favorable to Farrell. *See Zisumbo v. Ogden Reg'l Med. Ctr.*, 801 F.3d 1185, 1196 (10th Cir. 2015).

After considering the parties' arguments and the appellate record, we affirm for substantially the reasons stated in the district court's order.

We further grant Farrell's motion to proceed on appeal without prepayment of costs or fees because (1) he has shown a financial inability to pay the required filing fees; and (2) the arguments he raises on appeal are reasoned and non-frivolous. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). We order Farrell to continue making partial payments until he has paid the full amount of his fees and costs.

Entered for the Court

Nancy L. Moritz
Circuit Judge