**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 2, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

TORREY V. BANKS,

    Plaintiff - Appellant,

v.

GOV. JOHN HICKENLOOPER;
JOHN/JANE DOE, U.S. Probation Dept.;
KURT PIERPOINT, U.S. Probation
Officer; HAHN, U.S. Marshal;
JOHN/JANE DOE, Arapahoe County
Sheriffs Dept.; ED LONG, Arapahoe
County Sheriff; JOHN/JANE DOE,
Colorado Bureau of Investigations,

    Defendants - Appellees.

No. 16-1466
(D.C. No. 1:16-CV-01725-LTB)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **LUCERO**, **HOLMES**, and **BACHARACH**, Circuit Judges.
_____

    Torrey Banks appeals a district court order dismissing his claims. Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining Banks' brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist in the
determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I**

Banks sued the Colorado Governor and various other state and federal officials, alleging they violated his rights under Colo. Rev. Stat. § 24-60-501, which is the Colorado statute adopting the interstate agreement on detainers.  The district court identified several defects in Banks' complaint, explained those deficiencies in detail, and ordered him to file an amended complaint.

Banks' amended complaint raised three claims:  malicious prosecution, obstruction of justice, and violation of due process.  The district court concluded that Banks' first two claims were frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and his third claim failed to meet the pleading requirements of Fed. R. Civ. P. 8.  It dismissed Banks' claims[1] and entered judgment in favor of the defendants.

**II**

Even under the liberal standard we apply to pro se pleadings, Banks' brief is inadequate to preserve any issues for review.  We construe his brief liberally and hold it to a less stringent standard than pleadings drafted by lawyers.  See Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).  And we ignore technical defects if "we can reasonably read the pleadings to state a valid claim on which [he] could prevail."  Diversey v. Schmidly, 738 F.3d 1196, 1199 (10th Cir. 2013) (quotation omitted).  But we cannot serve as Banks' attorney by "constructing arguments and searching the record."  Garrett, 425 F.3d at 840.

---

[1] It dismissed Banks' first two claims with prejudice and his third claim without prejudice.

Banks' brief contains no real argument that the district court erred by dismissing his claims. Instead, Banks merely reiterates the allegations in his amended complaint. By failing to meaningfully contest the district court's rulings, Banks has waived any argument that it erred. See Harsco Corp. v. Renner, 475 F.3d 1179, 1190 (10th Cir. 2007) ("[A] party waives those arguments that its opening brief inadequately addresses."); Garrett, 425 F.3d at 841 (holding that pro se plaintiff's inadequate "briefs disentitle him to review by this court").

### III

**AFFIRMED**. Because Banks has not advanced "a reasoned, nonfrivolous argument" that the district court erred, DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991), we **DENY** his motion to proceed without prepayment of costs and fees. Banks must immediately pay the filing fee to the Clerk of the U.S. District Court for the District of Colorado.

Entered for the Court


Carlos F. Lucero
Circuit Judge