FILED
United States Court of Appeals
Tenth Circuit

January 15, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CEDRIC GREENE,

    Plaintiff - Appellant,

v.

INGLEWOOD HOUSING AUTHORITY;
CINDER ELLER-KIM BELL,

    Defendants - Appellees.

No. 18-1258
(D.C. No. 1:18-CV-01042-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Cedric Greene filed a pro se complaint in the District of Colorado alleging

discrimination and defamation relating to his Section 8 housing in California.  The

district court dismissed the complaint and the action without prejudice for lack of

subject matter jurisdiction and improper venue.  Mr. Greene filed a motion under

Fed. R. Civ. P. 59(e) to alter or amend the district court's order, which the district

court denied.  He appealed.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We review the district court's denial of the Rule 59(e) motion for an abuse of discretion. *See Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018). The district court did not abuse its discretion in denying the motion. Mr. Greene failed to establish a basis for filing this action in the District of Colorado.

We therefore affirm the district court's denial of the Rule 59(e) motion for substantially the reasons stated in its order of June 4, 2018. Because Mr. Greene failed to demonstrate the existence of a reasoned, nonfrivolous argument on appeal, we deny his request to proceed *in forma pauperis*. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) ("In order to succeed on his motion [to proceed *in forma pauperis*], an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."). He is directed to immediately pay the entire $505 appellate filing and docketing fee.

Entered for the Court


Allison H. Eid
Circuit Judge