**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**March 3, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

ROGER DAVID JOHNSON, Jr.,

   Petitioner - Appellant,

v.

JEFF LONG; PHILIP J. WEISER, The
Attorney General of the State of
Colorado,

   Respondents - Appellees.

No. 20-1005
(D.C. No. 1:19-CV-01866-LTB-GPG)
(D. Colorado)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

Before **PHILLIPS**, **MURPHY,** and **McHUGH**, Circuit Judges.

Petitioner Roger David Johnson, Jr., a prisoner in Colorado state custody

proceeding pro se,[1] seeks a Certificate of Appealability ("COA") to challenge the district

court's dismissal of his 28 U.S.C. § 2254 petition for a writ of habeas corpus.

Mr. Johnson also moves to proceed in forma pauperis. We deny Mr. Johnson's motion to

proceed in forma pauperis, decline to grant a COA, and dismiss the matter.

---

[*]This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

[1] Because Mr. Johnson is proceeding pro se, "we liberally construe his filings, but
we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

## I.  BACKGROUND

Mr. Johnson and his then-wife "were in the process of getting divorced, and one night they got into an argument." ROA at 158. He "punched her in the face, breaking her jaw." ROA at 112. "He then forced her down the stairs to the basement, where he tied her arms and legs to the bed, cut her clothes off with a hunting knife, and sexual assaulted her at gunpoint." ROA at 112.

In June 2007, the Adams County district attorney charged Mr. Johnson with one count of false imprisonment, two counts of second-degree kidnapping, three counts of sexual assault, and one count of second-degree assault.[2] At Mr. Johnson's first trial, a jury found him guilty of second-degree assault and false imprisonment but was unable to reach a verdict on the sexual assault charges. At Mr. Johnson's second trial, the court declared a mistrial. And at Mr. Johnson's third trial, a jury convicted him of two counts of sexual assault.[3] The trial court sentenced Mr. Johnson to prison terms of one year on the false imprisonment count, sixteen years on the second-degree assault count, and forty-eight years to life on the merged sexual assault counts, to run concurrently.

Mr. Johnson appealed. On May 31, 2012, the Colorado Court of Appeals affirmed. Mr. Johnson then petitioned the Colorado Supreme Court for a writ of certiorari, which it denied on November 27, 2012.

---

[2] The trial court dismissed one of the sexual assault counts, and the district attorney dismissed one of the kidnapping counts. The remaining kidnapping charge was brought as a lesser included offense of sexual assault.

[3] The two sexual assault counts merged.

On June 10, 2013, Mr. Johnson returned to the trial court and filed a motion for sentence reconsideration and modification under Colorado Rule of Criminal Procedure 35(b). The trial court denied that motion on June 11, 2013.

On January 31, 2014, Mr. Johnson filed a § 2254 petition for a writ of habeas corpus in the United States District Court for the District of Colorado. On June 19, 2014, Mr. Johnson asked the district court to withdraw his § 2254 petition so that he could "return to state court to exhaust newly discovered evidence claims and constitutional arguments." ROA at 139. The district court construed Mr. Johnson's request as a notice of voluntary dismissal and dismissed the § 2254 petition without prejudice. In its order, the district court warned Mr. Johnson "that the time during which this application was pending in this Court does not toll the one-year limitation period in 28 U.S.C. § 2244(d)." ROA at 140.

On July 24, 2014, Mr. Johnson filed a petition for postconviction relief in state court under Colorado Rule of Criminal Procedure 35(c). Mr. Johnson alleged "newly discovered evidence," namely, that his ex-wife had been living with her now-husband prior to Mr. Johnson's trial. ROA at 147.

The trial court held an evidentiary hearing and denied Mr. Johnson's Rule 35(c) petition. The state court of appeals affirmed on July 12, 2018. Mr. Johnson petitioned the Colorado Supreme Court for a writ of certiorari, which it denied on May 28, 2019.

On June 27, 2019, Mr. Johnson filed a second § 2254 petition in the United States District Court for the District of Colorado. The district court ordered Mr. Johnson to cure deficiencies in the petition. Mr. Johnson then submitted a revised petition.

On October 11, 2019, Jeff Long and Colorado Attorney General Phillip J. Weiser ("respondents") filed a pre-answer response addressing timeliness and exhaustion of state court remedies. Respondents argued that Mr. Johnson's § 2254 petition was untimely because he filed it more than one year after "the conclusion of direct review or the expiration of the time for seeking such review." ROA at 74 (quoting 28 U.S.C. § 2244(d)(1)).[4]

On November 22, 2019, a magistrate judge recommended that Mr. Johnson's § 2254 petition be dismissed as untimely. The magistrate judge determined that Mr. Johnson's conviction became final "on February 25, 2013—90 days after the Colorado Supreme Court's November 27, 2012 denial of certiorari—which is when the time expired to petition for certiorari in the United States Supreme Court." ROA at 279.

The magistrate judge further determined that 105 days elapsed between February 25, 2013, and June 10, 2013—the date Mr. Johnson filed his Rule 35(b) motion in state court. Then, Mr. Johnson's Rule 35(b) motion tolled the statute of limitations until July 30, 2013—"when the time for appealing the state court's June 11th ruling on the motion expired." ROA at 280. Because Mr. Johnson did not file this § 2254 petition in the 260 days after July 30, 2013, it is untimely.

The magistrate judge then turned to the doctrine of equitable tolling. Specifically, the magistrate judge rejected Mr. Johnson's claim that he did not understand the timeliness rules. And the magistrate judge chided Mr. Johnson for ignoring the warning

---

[4] Respondents also argued that one of Mr. Johnson's claims was procedurally defaulted.

about timeliness that the district court included in its order dismissing Mr. Johnson's first § 2254 petition.

Lastly, the magistrate judge found the exception to timeliness for claims of actual innocence inapplicable because Mr. Johnson had not made any such showing. Mr. Johnson's argument is "that the state court erred during his criminal trial or that the victim lied about the extent of her relationship with another man." ROA at 283. Neither allegation, the magistrate judge concluded, establishes that Mr. Johnson is actually innocent of sexual assault.

Mr. Johnson objected to the magistrate judge's report and recommendation. Inexplicably, Mr. Johnson renewed his claim of innocence based on his ex-wife's cohabitation with her now-husband prior to Mr. Johnson's trial. *See* ROA at 287 ("Does this sound like the actions of a brutally raped woman? I think not!").

On December 11, 2019, the district court adopted the magistrate judge's recommendation, overruled Mr. Johnson's objections, and dismissed the § 2254 petition. The district court also declined to issue a COA.

Mr. Johnson timely filed a notice of appeal on January 2, 2020, followed by a formal request for a COA.

## II.   ANALYSIS

### A. Certificate of Appealability

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "Instead, [a] petitioner must first seek and obtain a

5

COA." *Id.* To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When, as here, the district court denies relief on procedural grounds, the petitioner seeking a COA must show both 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Mr. Johnson does not dispute that he filed his § 2254 petition outside the one-year limitations period. Johnson Br. at 7[5] ("Petitioner is not disputing the rules and regulations of the A.E.D.P.A., but due to a miscarriage of justice and innocence, this standard does not apply."). If Mr. Johnson establishes a "tenable actual-innocence" claim, however, he may bring a petition for a writ of habeas corpus outside the one-year limitations period. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

No reasonable jurist could debate whether Mr. Johnson has made a showing of actual innocence. To establish actual innocence, a petitioner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536–37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "Simply maintaining one's

---

[5] Mr. Johnson's application for a COA is not consecutively paginated. The page numbers referenced in this order correspond to a page's ordinal position in the document, not the numbers that appear on those pages.

innocence, or even casting some doubt on witness credibility, does not necessarily satisfy this standard." *Frost v. Pryor*, 749 F.3d 1212, 1232 (10th Cir. 2014).

Mr. Johnson's theory appears to be that, because his ex-wife and his ex-wife's current husband (allegedly) perjured themselves to cover up their relationship at his trial, they both "had motive to lie and make false allegations." Johnson Br. at 7. He supports this hypothesis by asserting the following:

> The victim files for a divorce while petitioner was still living in the same residence and having relations with then wife. Petitioner was arrested for these horrible crimes. In less than five months, before petitioner was even tried for the first time, before the divorce was final, the victim was already moved in and being finically [sic] supported by [her now-husband]. Does this sound like a woman who was brutally raped?

*Id.* at 8. Mr. Johnson also asserts the prosecution failed to present "physical evidence" of sexual assault. *Id.*

As the magistrate judge found, these aspersions on the testimony and motivations of Mr. Johnson's ex-wife, even if true, do not come close to establishing factual innocence.

We decline Mr. Johnson's invitation to speculate about whether his ex-wife's alleged behavior is consistent with the behavior to be expected from an assault victim. And even accepting Mr. Johnson's allegations about his ex-wife's relationship as true, and as newly discovered,[6] it does not establish his innocence. Mr. Johnson's ex-wife

---

[6] Mr. Johnson's claim of actual innocence rests on supposedly new evidence that his ex-wife was in "another relationship" at the time of his trial. Ironically, however, the trial court declared a mistrial in Mr. Johnson's second trial because his lawyer repeatedly defied Colorado's rape shield statute by asking Mr. Johnson's ex-wife about this same relationship. *See* Colo. Stat. Ann. § 18-3-407.

could have suffered the rape as the jury found and also entered into a consensual relationship with her future husband. To obtain a COA, Mr. Johnson bears the burden of showing that reasonable jurists could debate whether he has demonstrated actual innocence. He has not made that showing.

## B.  *Motion to Proceed in Forma Pauperis*

Mr. Johnson filed a motion to proceed in forma pauperis. "In order to succeed on his motion, an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Mr. Johnson has not met this burden; our review of the record reveals no nonfrivolous argument in support of his request for a COA. Accordingly, we also deny Mr. Johnson's motion to proceed in forma pauperis.

## III.   CONCLUSION

Because Mr. Johnson fails to establish that reasonable jurists could debate whether his habeas petition is time-barred, we **DENY** his request for a COA and **DISMISS** the matter. We also **DENY** Mr. Johnson's motion to proceed in forma pauperis.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

8