FILED
United States Court of Appeals
Tenth Circuit

September 30, 2024

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

PEDRO PABLO FUENTES,

Petitioner - Appellant,

v.

STEVEN HARPE,

Respondent - Appellee.

No. 24-6094
(D.C. No. 5:23-CV-00355-J)
(W.D. Okla.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Pedro Fuentes, an Oklahoma prisoner proceeding pro se,[1] seeks a certificate of

appealability (COA) to challenge the district court's order denying his 28 U.S.C. § 2254

petition. For the reasons explained below, we deny a COA and dismiss the matter.

In 2016, law enforcement investigated Fuentes for methamphetamine trafficking

and secured a GPS-tracking warrant for his car. The GPS showed the car driving to

Phoenix for a suspected drug pick up. When the car returned to Oklahoma, a law-

enforcement officer pulled Fuentes over for speeding and tailgating. The officer thought

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1] We liberally construe Fuentes's pro se filings, "but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

Fuentes seemed nervous, and, while the officer conducted a warrant check and wrote the ticket, he summoned a K-9 officer to the scene. When the officer returned to give Fuentes the ticket, he questioned Fuentes for a few minutes about drugs and ultimately told Fuentes he was going to have the K-9 run around the vehicle. Fuentes asked for the ticket, pointed at it, and claimed he was free to leave. But the officer placed Fuentes in the patrol car while officers searched his vehicle. The search uncovered nearly ten pounds of methamphetamine.

In the ensuing state criminal proceedings, Fuentes challenged the legality of the search and seizure in a motion to suppress, arguing that the officers violated his Fourth Amendment rights because they lacked reasonable suspicion to extend the traffic stop beyond the time needed to issue a ticket. Following an evidentiary hearing, the trial court denied Fuentes's motion. Fuentes later sought reconsideration in light of new evidence, but after conducting a second evidentiary hearing, the trial court denied reconsideration. Following a bench trial, the trial court found Fuentes guilty of aggravated drug trafficking and imposed a 35-year prison sentence.

The Oklahoma Court of Criminal Appeals (OCCA) affirmed, finding no error in the trial court's denial of the motion to suppress. *Fuentes v. State*, 517 P.3d 971, 976 (Okla. Crim. App. 2021). The state district court then denied Fuentes's pro se application for postconviction relief, including his claim that trial and appellate counsel were ineffective in arguing the suppression issue, and the OCCA dismissed his attempted appeal as untimely.

Fuentes then sought federal habeas relief. His operative § 2254 petition asserted one ground for relief: that the trial court erred in denying his motion to suppress. The magistrate judge concluded that the Supreme Court's decision in *Stone v. Powell*, 428 U.S. 465 (1976), barred Fuentes's claim. *Stone* held that as long as the state "provided [the petitioner with] an opportunity for full and fair litigation of a Fourth Amendment claim," a federal court may not grant habeas relief on such a claim. 428 U.S. at 494. After explaining that *Stone* barred Fuentes's claim because he was able to pursue the claim both before his trial and on appeal, the magistrate judge recommended that the district court deny Fuentes's § 2254 petition.

The district court overruled Fuentes's objections and adopted the magistrate judge's report and recommendation in full, concluding that Fuentes "was provided an opportunity for full and fair litigation of his Fourth Amendment claims prior to trial and on appeal and, therefore, is not entitled to federal habeas corpus relief." R. vol. 1, 83–84. The district court thus denied Fuentes's petition and denied him a COA.

Fuentes now seeks to appeal the district court's decision. To do so, he must first secure a COA. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (describing COA as "jurisdictional prerequisite"). We will grant Fuentes a COA if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The district court concluded that *Stone* barred Fuentes's Fourth Amendment claim because he had an opportunity to fully and fairly litigate that claim in the state courts. The phrase "full and fair litigation" means (1) "the procedural opportunity to raise or

otherwise present a Fourth Amendment claim," (2) a "full and fair evidentiary hearing," and (3) "recognition and at least colorable application of the correct Fourth Amendment constitutional standards." *Gamble v. Oklahoma*, 583 F.2d 1161, 1165 (10th Cir. 1978); *see also United States v. Lee Vang Lor*, 706 F.3d 1252, 1257–58 (10th Cir. 2013) (explaining standards for Fourth Amendment claims brought in habeas proceedings). And despite continuing to press the merits of his Fourth Amendment claims in his COA application before this court, Fuentes does not dispute that the Oklahoma courts gave him a full and fair opportunity to litigate those claims. Nor could he. He received several procedural opportunities to present his Fourth Amendment claims, including before trial, on direct appeal, and in a postconviction proceeding. He also received multiple evidentiary hearings, and he does not challenge the fullness or fairness of those hearings. And both the trial court and the OCCA recognized and colorably applied the governing Fourth Amendment standards. *See Fuentes*, 517 P.3d at 975–76.

Because reasonable jurists could not find the district court's conclusion debatable or wrong, we deny a COA, dismiss this matter, and deny Fuentes's pending motion for stay as moot. Further, we conclude that Fuentes has not demonstrated the existence of a reasoned, nonfrivolous argument on appeal, so we deny his motion to proceed in forma pauperis. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court

Nancy L. Moritz
Circuit Judge

4