FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**May 12, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

COLBY JEROME HALE EL,

    Plaintiff - Appellant,

v.

COLORADO COURT OF APPEALS,

    Defendant - Appellee.

No. 25-1064
(D.C. No. 1:24-CR-00289-LTB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Colby Jerome Hale El filed pro se a notice to remove his state criminal case from

Colorado state court to federal court. The district court summarily remanded the case.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Hale El appears pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

## I. **BACKGROUND**

Mr. Hale El filed his notice to remove his criminal case from the Colorado Court of Appeals to federal court "[p]ursuant to 28 U.S.C. §§ 1441-1446 as outlined in 28 U.S.C. § 1455." ROA at 4. The district court summarily remanded the case under 28 U.S.C. § 1455(b)(4) "because it clearly appear[ed] on the face of the Notice of Removal that removal of th[e] action should not be permitted." *Id.* at 11.

The court said (1) the notice of removal was deficient under 28 U.S.C. § 1455(a) because Mr. Hale El did not provide the required "copies of all process, pleadings, and orders" from his state criminal case, *id.* at 9, and (2) it was "unable to ascertain any legitimate basis for removal of this case under the relevant statutes," *id.* The court noted that "28 U.S.C. §§ 1442, 1442a, and 1443 all authorize the removal of certain criminal prosecutions," *id.*, but Mr. Hale El did not allege facts to support his removal under these statutes.

Mr. Hale El moved for reconsideration under Federal Rule of Civil Procedure 59(e). The district court denied the motion because he "d[id] not articulate any substantive basis" for reconsideration. *Id.* at 20. Mr. Hale El appealed.

## II. **DISCUSSION**

"We review a district court's removal determination de novo." *Doe v. Integris Health, Inc.*, 123 F.4th 1189, 1193 (10th Cir. 2024).

On appeal, Mr. Hale El has failed to challenge the district court's first, independent ground for summary remand—that he did not meet the § 1455(a) removal

2

requirements. His appeal fails for this reason alone. *See Colorado v. Murphy*, No. 23-1099, 2024 WL 340793, at *4 (10th Cir. Jan. 30, 2024) (unpublished) ("[B]ecause the § 1455(a) ground for remand was an alternative and adequate ground . . . waiver of any challenge to it means [the appellant] necessarily loses on appeal.").[2] We would otherwise reject such a challenge because § 1455(a) requires a defendant seeking to remove a state criminal prosecution to provide a "copy of all process, pleadings, and orders served upon such defendant or defendants in such action," and Mr. Hale El did not do so.

Mr. Hale El argues that removal was proper under 28 U.S.C. § 1443(2). Aplt. Br. at 2, 4. Section 1443(2) provides for removal of a state criminal prosecution "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." We agree with the district court that Mr. Hale El has not shown that removal under § 1443(2) is appropriate.

## III. **CONCLUSION**

We affirm the district court's summary remand order. Mr. Hale El also seeks leave to proceed on appeal *in forma pauperis*. Aplt. Doc. 13. We deny this motion because he has not provided a "reasoned, nonfrivolous argument on the law and facts in

---

[2] Cited as persuasive under Fed. R. App. P. 32.1(A) and 10th Cir. R. 32.1.

support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge